## SOLOMON FRILEY *v.* MARGARET WHITE.

HUSBAND AND WIFE: HUSBAND'S RIGHT TO WIFE'S SLAVES UNDER THE ACT OF 1839.—
The husband has a right to make a contract to part with the possession of the slaves of the wife, held by her under the Act of 1839; and such a contract will be binding on the wife during coverture; and hence, the right of the wife to sue in replevin for the recovery of the possession of a slave so sold, does not accrue until after the death of the husband; and if replevin be brought within one year thereafter, it will be in time.

IN error from the Circuit Court of Yazoo county.  Hon. E. G. Henry, judge.

*J. J. Hooker*, for plaintiff in error.

*J. M. Dyer* and *W. E. Pugh*, for defendant in error.

FISHER, J., delivered the opinion of the court.

The plaintiff below brought an action of replevin in the Circuit Court of Holmes county, to recover certain slaves in the possession of the defendant.  A verdict was rendered for the plaintiff, and the defendant thereupon made his motion for a new trial.  The motion being overruled, the defendant's counsel excepted, and took his bill of exceptions, embodying the substance of the evidence.

The point which appears to have been mainly considered on this motion, and now pressed upon our consideration is, that the action was not commenced within one year after the plaintiff's right of action accrued.  The testimony relating to this point is briefly as follows:—The slave Jane, mother of the child sued for, was purchased in 1845, by the complainant—at least she acquired her title then.  Sometime thereafter the husband sold the slave Jane to the

defendant. The husband having died, the action was commenced —at least such is the inference—within a year after his death; but more than a year after the purchase by the defendant from the husband. The plaintiff acquired her title under the statute of 1839, regulating the rights of married women. The husband, under that statute, had the use of the slave, and was entitled to the product of her labor. He could make a contract to part with the possession, which would be binding while the coverture lasted; and hence no action could be maintained during his life, to recover the slave in his behalf, from the defendant. The plaintiff's right to possession did not accrue until the death of her husband; and, until such right accrued, she had no right of action. Her right of action accrued as soon as she had a right to possession; and hence we are of opinion that she could maintain this action.

Judgment affirmed.

NOTE.—In *Wells* v. *Treadwell*, 6 Cushm. 717, this court held that the wife might, during the lifetime of the husband, maintain her *bill in equity*, to recover possession of a slave held by her under the Act of 1839, and which had been sold by him without her consent. G.