## J. W. SMITH et al. *v*. T. W. WILLIAMS.

1. HIGH COURT: ASSIGNMENT OF ERRORS MUST BE CERTAIN AND SPECIFIC.—The office of an assignment of errors, is to notify the opposite party of the particular action of the court below, complained of; and if an assignment does not specify the alleged error, it will be bar; and hence, an assignment as follows, "as shown in the bill of exceptions," is void for uncertainty, and will not be noticed by this court.

2. HUSBAND AND WIFE: POWER OF HUSBAND OVER THE POSSESSION OF WIFE'S SLAVES, HELD UNDER ACT OF 1839.—The husband has no right to sell a slave of the wife, held by her under the Act of 1839, so as to deprive the wife of the possession thereof during coverture; and the possession of a slave, so sold by the husband, may be recovered by the wife or her assignee in the lifetime of the husband. See *The Grand Gulf Bank* v. *Barnes*, 2 S. & M. 186; *Carter* v. *Carter*, 14 Ib. 63; *Lyon* v. *Knott*, 26 Miss. R. 561; *Wells* v. *Treadwell*, 28 Ib. 717; *Cameron* v. *Cameron*, 29 Id. 122; *Pennington* v. *Acker*, 3 Id. 161.

3. SAME: CASE OVERRULED.—The case of *Friley* v. *White*, 31 Miss. R. 442, so far as it holds that the husband may deprive the wife of the possession of her

slaves, held under the Act of 1839, overruled, and the case of *Steadman* v. *Holman*, 33 Miss. R. 550, cited and explained.

ERROR to the Circuit Court of Monroe county. Hon. Joel M. Acker, judge.

Mrs. Carter, wife of Davis G. Carter, became the owner of the slave in controversy, in January, A.D. 1841, and held the same as her separate estate, under the Act of 1839. In the year 1851, her husband (said D. G. Carter) conveyed the said slave, in trust, to the defendant in error, Williams, to secure certain debts due by the husband. In 1852, Carter and wife being still in possession of said slave, conveyed him, by their joint deed, in trust to the plaintiff in error, who afterwards, in 1857, brought this action of replevin, to recover possession of the slave from the defendant in error.

There was a verdict and judgment for the defendant; and the plaintiff moved for a new trial, which being overruled, he excepted, and sued out this writ of error.

*Sale* and *Phelan*, for the plaintiff in error,

Cited *Lyon* v. *Knott*, 26 Miss. R. 548; *Carter* v. *Carter*, 14 S. & M. 63; *Wells* v. *Treadwell*, 28 Miss. R. 717; *Grand Gulf Bank* v. *Barnes*, 2 S. & M. 186; *Pennington* v. *Acker*, 30 Miss. R. 161; and they insisted that the case of *Friley* v. *White*, 31 Ib. 442, was in opposition to the plain meaning of the Act of 1839, and to the previous decisions of this court.

*Yergers* and *Anderson* and *L. E. Houston*, for defendant in error,

Cited *Friley* v. *White*, 31 Miss. R. 442; *Steadman* v. *Holman*, 33 Ib. 550.

HARRIS, J., delivered the opinion of the court.

The plaintiffs in error commenced their action of replevin in the Circuit Court, to recover the possession of a negro man, from the defendant in error, both parties claiming title to said negro, under trust deeds, which appear in the record.

There was a verdict for defendant, in the court below, and judgment rendered thereon, from which this writ of error is prosecuted.

Two errors are assigned in form, as follows :—

1. As shown in the bill of exceptions.

2. In overruling the motion for a new trial.

The office of an *assignment of errors*, is to notify the opposite party of the special causes of complaint existing in the record. It is in the nature of a declaration, to which it is the right and duty of the defendant in error regularly to plead. *In nullo est erratum*, is the usual plea, answering to the general isssue, which is in the nature of a demurrer, presenting, as it does, an issue in law directly to the court.

We shall only notice the second assignment of error, in this case, for the reason that the first presents no special cause of complaint, to the notice of the defendant or of the court, but simply refers to the bill of exceptions, and the astuteness of the defendant, to discover what he can, by an examination of the record.

The second assignment of error, presents the question, whether the finding of the jury is manifestly *against* the evidence in the case, under the law which should govern it; and, upon this point, we think that the court erred, in not granting a new trial. The evidence clearly established, that the title to the property in dispute, was originally in the father of Mrs. Carter; that after the Act of 1839, known as the Married Woman's Law, this negro was given to the wife of Davis G. Carter; that Davis G. Carter, in the year 1851, sold this negro to defendant Williams, trustee, to secure a debt due by him, without the concurrence of his wife; that in 1853, Carter and his wife sold the same negro, by deed of trust, duly executed, to plaintiffs in error, to secure another debt.

The only question for consideration, under the state of facts presented in the record, is whether the sale, by the husband *alone*, vested any title in Williams, the defendant in error, under the Act of 1839.

Upon this question, neither the Statute of 1839, nor the repeated decisions of this court, leave any room for doubt. Without a formal review of the cases, we state generally, that, with the exception of the case of *Friley* v. *White*, to which we will presently advert, the rule has been uniform, that, under the Act of 1839,

the "*property*" in the slaves, is severed from the right to the "*proceeds*" of their labor; that the possession of the slaves is *joint* in the husband and wife; and that such "property," or possession of the wife in her slaves, cannot be taken from her, for the debts, contracts, or liabilities of the husband. *Grand Gulf Bank* v. *Barnes*, 2 S. & M. 186; *Carter* v. *Carter*, 14 Ib. 63; *Lyon* v. *Knott*, 26 Miss. R. 561; *Wells* v. *Treadwell*, 28 Ib. 717; *Cameron* v. *Cameron*, 29 Ib. 122; *Pennington* v. *Acker*, 30 Ib. 161.

The case of *Friley* v. *White*, 31 Miss. 442, so far as concerns *the case then before the court*, was, perhaps, correctly decided; but as to the inadvertent *obiter dictum*, that the husband could make a contract to part with the possession of the slave, which would be binding, during the coverture, on the wife, it is inconsistent, not only with the repeated decisions previously made by this court, but with the plain provisions of the Act of 1839, and, to that extent, is, therefore overruled.

The case of *Steadman* v. *Holman*, 33 Miss. R. 550, is not inconsistent with the long-established doctrines of this court, on this subject. In this case, an execution against the husband and wife was levied on the separate property of the wife, held under the Act of 1839, and sold to one Holman, who afterwards conveyed it back to the husband. *After the death of the wife*, her administrator brought an action of replevin against the husband. The husband, on the death of the wife, was entitled to his old possession, which was *joint with her*, during her life, and continuing to him for his life, after her death. The administrator, therefore, had no right to the possession of such separate property of the wife, as against the husband.

Under the views here expressed, the verdict of the jury was manifestly against the evidence and the law, and a new trial should therefore have been granted.

For this error, the judgment will be reversed, cause remanded, and a *venire de novo* awarded.