## DOUGHERTY v. DEENEY ET AL.

1. **Evidence:** PROMISSORY NOTE. In an action by an administrator upon a promissory note, the wife of defendant may testify that she saw the note in her husband's possession, in the presence and with the knowledge of the deceased.

2. **Promissory Note:** POSSESSION. The possession of a note by the maker affords the presumption that it has been paid.

*Appeal from Allamakee Circuit Court.*

FRIDAY, JUNE 18.

THE plaintiff, as administrator of the estate of Patrick Deeney, deceased, claims of the defendants the amount of a promissory note for the sum of $281.00, executed to Charles O'Neil, August 25th, 1866, due fifteen months after date, with interest at the rate of ten per cent, and alleges that Patrick Deeney purchased it in his lifetime, and it was transferred to him by delivery and assignment, without indorsement.

The defendants deny that Patrick Deeney acquired said note by purchase, and that it was transferred to him by delivery and assignment, and they allege that it was paid by the defendant, John B. Deeney, to the payee thereof, while it was his property. The cause was tried by the court, and judgment was rendered for plaintiff for $521.17. Defendants appeal.

*L. E. Fellows* and *Hatch & Frese*, for appellants.

*Dayton & Dayton* and *John T. Clark & Co.*, for appellee.

DAY, J.—The evidence shows that Isaac Becktel was trustee and managed the estate of Charles O'Neil, the payee of the note, and that he left the note in question with the firm of Kerndt and Bro., of Lansing, for collection, or for safe keeping. Moritz Kerndt, a member of the firm, produced a memorandum book of the firm, upon which entries were first made, and also book "J," to which the entries were transferred the same evening or the next day. There is an entry upon the

memorandum book, as follows: "June 17, 1867, Isaac Beck-
tel, Cr. Cash by Deeney $250.00." In book "J," there is an
entry as follows: "June 17, 1867, Isaac Becktel, Cr. Cash
by P. Deeney, by note $250.00." Evidence was introduced
tending to show that some time prior to the 24th of July,
1868, Patrick Deeney handed the note in question to his
daughter-in-law, Ellen Deeney, the wife of James B. Deeney,
and told her to put it away, and that the note remained at the
house of this son until the death of Patrick Deeney, in Feb-
ruary, 1874, when it was taken away by the administrator.

The defendants claim that, on the 17th of June, 1867, John
B. Deeney, one of the defendants, discharged the note by the
payment of $250.00 to Gustavus Kerndt, and that John B.
Deeney brought the note home and put it away. At this time
Patrick Deeney lived with John B., his son. John B. testifies
that his father gave him the money to pay this note.

The defendants offered to read in evidence the deposition of
Ellen Deeney, wife of John B. Deeney, the portion of which
taken upon direct examination is as follows: "I knew Pat-
rick Deeney, father of John B. Deeney. He lived with myself
and husband fifteen years. He lived with us as a member of
our family until nine months before his death. He left us
because of difficulty between himself and my husband. About
seven or eight years ago, at the time of C. O'Neil's trial for
murder, I recollect a particular circumstance that occurred
after my husband and his father had returned from Lansing.
This was before the trial, and while O'Neil was under arrest.
My husband said to me, 'Here is Charley O'Neil's note.' I
told him to put it in the bureau drawer where my husband
and he kept their papers. He had a note in his hand at the
time he made that remark. He took it from his pocket book.
Patrick Deeney, his father, was sitting in the room and said
nothing. The drawer where the papers were kept was not
locked then, nor afterwards. Patrick Deeney kept his papers
in that drawer until about four weeks before his death. My
husband opened the drawer, took out a book and put it in the
book, and put the book back into the drawer. I have not seen
the note since."

The plaintiff objected to the reading of this deposition on the ground that Ellen B. Deeney is the wife of one of the defendants, and the evidence is all in relation to personal transactions between John B. Deeney and Patrick Deeney, deceased. The objection was sustained, and the ruling is assigned as error. We think a portion at least of the deposition is competent. There can be no doubt, under the evidence, that as to the payee of the note, Charles O'Neil, the note has been satisfied. The question is, was it paid by John B. Deeney, or was it purchased by Patrick Deeney?

1. EVIDENCE: promissory note.

The possession of a note by the maker is at least some evidence that he has paid it, for it is presumed that the possession is lawful. 2 Parsons on Notes and Bills, 480, and cases cited. The facts that the note was in the possession of John B. Deeney, that he took it from his pocket book and put it in a book in the bureau drawer, where he was accustomed to keep his papers, partake of none of the elements of a personal transaction between John B. Deeney and his father, notwithstanding the fact that his father was present. That the father said anything or said nothing, it would not be competent to show. What the effect of this rejected evidence would or should have been, it is not now for us to determine. It is the province of the court below, either in person or through the aid of a jury, primarily to determine questions of fact. It is true the defendant John B. Deeney testified, that he brought the note home and put it away in an account book in the bureau drawer. But the note was afterward found in the possession of Patrick Deeney, and this raised a presumption that the note was his. In view of this presumption the court below may have disbelieved the testimony of John B. Deeney.

2. PROMISSORY note : possession.

The evidence of his wife tended to corroborate him as to a substantive and material fact. It may be that if this evidence had been admitted, the court below, or a jury, would have found the same way. But of this we can have no certainty. The most that can be said is that there would have been contrary and opposing presumptions, the presumption from John B.

Deeney's possession that he had paid it, and the presumption from Patrick Deeney's possession that he owned it. The effect to be given such presumptions should be determined in the court below. We discover no other error in the exclusion of the evidence offered by defendants.

Plaintiff objected to the testimony of the defendant, John B. Deeney, and in an amended abstract assigns error upon the admission of it. It may be that parts of his testimony should have been excluded. But, as plaintiff has not appealed, and the decision below was in his favor, we do not deem it proper to consider the errors by him assigned.

For the error discussed the judgment is

REVERSED.