JOSEPHINE M. GABLE, Administratrix, Appellee, v. E. J. HAINER *et al.*, Executors, Appellants.

1. **Witnesses**: COMPETENCY: TRANSACTIONS WITH DECEDENT. In an action based upon transactions between a father and his son, both of whom were deceased at the time of the commencement of the action, one interested as heir to the father's estate in the result of such action may be examined as a witness concerning the contents of personal communications from the father to the son, knowledge of which was acquired without personal communication with either of the deceased persons.

2. **Practice**: OBJECTIONS TO EVIDENCE NOT RULED UPON: APPEAL. Where the record upon appeal discloses no ruling upon a motion made upon the trial to strike certain evidence from the record, and no ruling was demanded by counsel, the question of the admissibility of such evidence, as raised by such motion, will not be considered by the supreme court.

*Appeal from Carroll District Court.*—HON. J. P. CONNER, Judge.

THURSDAY, OCTOBER 15, 1891.

THIS is a proceeding to establish a claim against the estate of H. J. Gable, deceased. The defendants are executors of said estate. The plaintiff is administratrix of the estate of Joseph Gable, deceased. A jury was waived, and a trial was had to the court. It was found that the defendants, as executors, were indebted to the estate, of which the plaintiff is the administratrix, in the sum of nine hundred and eighty dollars. The defendants appeal.—*Affirmed.*

*E. J. Hainer* and *F. M. Powers*, for appellants.

*Beach & Hoyt*, for appellee.

ROTHROCK, J.—The plaintiff's intestate, Joseph Gable, was a resident of Scott county, in this state, when he died, on the first day of April, 1887. The said H. J. Gable, deceased, was a son of the said Joseph Gable, and resided at Arcadia, in Carroll county, this state, where he was engaged in mercantile pursuits, such as selling goods, and buying and shipping grain. He died in October of the same year. The evidence shows, without dispute, that some time before the death of Joseph Gable his said son was indebted to him in a considerable amount. It is claimed by the plaintiff that in the spring of the year, before the death of Joseph Gable, in pursuance of some correspondence between the parties, the father sent to the son a promissory note of one thousand dollars, and an account which he held against the son, to be renewed, and the note in renewal to be returned to the father; and that the note was neither renewed nor paid when the son died. Both of the parties being dead, the principal witnesses upon whose testimony it was sought to establish the claim were the plaintiff, who is the widow of Joseph Gable, and Emma Gable, his daughter.

1. WITNESSES: competency: transactions with decedent.

The court appears to have had in mind section 3639 of the Code, which provides that "no party to any action or proceeding, nor any person interested in the event thereof, * * * shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination, deceased, insane or lunatic, against the executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, survivor or guardian of such deceased person." The plaintiff, being the widow, and Emma Gable, being the daughter, of Joseph Gable, and directly interested in establishing the claim, were not competent witnesses to any personal

transaction or communication between them and Henry Gable, deceased.

It is urged by counsel for appellants that said witnesses were permitted by the court, over the defendants' objections, to testify to such transactions and communications. Special complaint is made of the testimony of said Emma Gable. It appears that she was either a member of the family, or much of the time at the home, of Henry Gable. She was examined as a witness in the case more than once. At the first examination some of the testimony appears to us to be very close to the line of exclusion prescribed by the statute. But on her last examination everything appears to have been excluded except the contents of certain letters and papers sent by her father to her brother, Henry Gable. She stated positively that she acquired a knowledge of the writings without any communication with her brother. This being the testimony, it was as competent as if the communication between father and son had been by conversation with each other, and the witness a mere listener. That testimony of that kind is competent, has been repeatedly held by this court. *Sweezey v. Collins*, 40 Iowa, 542; *Dougherty v. Deeney*, 41 Iowa, 19; *Johnson v. Johnson*, 52 Iowa, 589; *Lines v. Lines*, 54 Iowa, 600. The plaintiff did not really testify to anything like a personal transaction between her and Henry Gable. Her testimony, if vulnerable to any objection, is that she related some facts which were in the nature of hearsay, being communications from her husband.

2. PRACTICE: objections to evidence not ruled upon: appeal.

The defendants moved to rule out this evidence. No ruling was made upon this motion, the court expressly reserving a ruling thereon. Whether the motion was sustained or overruled, finally, does not appear. The defendants should have demanded a ruling when the judgment was entered. We might

say, further, that we do not regard the objectionable testimony as of enough consequence to demand a reversal of the judgment.

The defendants' counsel present the usual objection that the judgment is contrary to the evidence. We have examined it, and conclude that the judgment ought to stand.   AFFIRMED.