## Charles H. Faulkner v. The I. L. Elwood Manufacturing Co.

1. FRAUD—*Burden of Proof.*—The burden of proving fraud is on the party alleging it; nor is it to be presumed, but must be proved by evidence reasonably sufficient to establish it.

2. PRACTICE—*Rights of a Party Objecting.*—The party objecting to the introduction of evidence is entitled to a ruling from the court which should go into the record.

Replevin.—Trial in the Circuit Court of Winnebago County; the Hon. JOHN A. GARVER, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed December 14, 1898.

CHARLES H. FERGUSON and FROST & McAVOY, attorneys for appellant.

R. K. WELSH and WOOD, NEWMAN & ELMER, attorneys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action of replevin, brought by appellee against appellant, to recover the possession of a carload of barbed wire, sold by appellee to P. W. Fenlon, who was in business at Durand, Illinois. When the replevin writ was issued the wire had been delivered to Fenlon but not yet placed in his store building.

Fenlon had not paid for the wire, and appellee claims to have sold the same to him on time, upon false ratings of

credit obtained by him in the commercial agencies of R. G. Dun & Co. and Bradstreet.

Fenlon sold out his stock to E. B. Norton on September 7, 1897, and the evidence shows the consideration for the sale to Norton was $1,000 cash, and the exchange of other property, the value of which is not shown. On the same day of his purchase, Norton, through B. A. Knight, his agent and attorney, sold the stock, including the wire in controversy, to appellant for $1,142, to be paid in cash, and an agreement that appellant would pay Norton all he could realize over and above the sum of $1,500 and the costs and expenses of selling or closing out the stock. This transaction between Knight, as agent of Norton, and appellant, took place at Rockford, Illinois, and appellant immediately proceeded to Durand, twenty miles away, and took possession of the stock, and was in such possession when the replevin suit was instituted. The bills of sale from Fenlon to Norton, and from Norton to appellant, were executed on the same day, but defendant claims he did not know Fenlon in the transaction, and never met him before the sale and transfer.

There was a trial by jury resulting in a verdict in appellee's favor and after overruling a motion for a new trial the court entered judgment on the verdict, and the defendant Faulkner appealed to this court.

Appellee bases its right to recover in this case upon the ground that Fenlon practiced a fraud upon it in obtaining a false rating of credit and purchasing the wire without any intention of paying for it, thereby giving appellee a right to rescind the sale; that all the circumstances of the sale to appellant were so suspicious as to put a prudent man upon inquiry, and that appellant either knew, or ought to have known, of Fenlon's alleged fraud.

On the other hand, appellant insists that the evidence introduced by appellee shows a sale in the regular and ordinary course of business, by Fenlon to Norton, for a valuable consideration, and that nothing appears in the evidence to impeach the sale. Under these circumstances his

counsel claim that appellant would have the right to purchase from Norton, even though he may have had notice of the fraud of Fenlon in buying the goods and not paying for them. Authorities are cited which we think support this proposition, provided the facts warrant it.

It devolved upon appellee, therefore, to show that the sale to Norton was not *bona fide* and for a valuable consideration, as well as to show notice to appellant.

It is a well known proposition of law, that the burden of proving fraud is on the party alleging it. Nor is it to be presumed, but must be proved by evidence reasonably sufficient to establish it. Under these principles we are constrained to hold that the verdict and judgment in this case are not warranted by the evidence. While it may be admitted that Fenlon was guilty of a fraud, the record discloses no direct evidence connecting appellant with the fraud nor showing he had notice. Nor does it show that Norton was not a purchaser in good faith. What he actually paid for the stock does not appear, because there is no evidence as to the value of the property given in exchange. The claim of fraud in the sale from Fenlon to Norton seems to rest almost entirely on the fact the bills of sale from Fenlon to Norton, and from Norton to appellant, were made on the same day. No witness undertakes to explain the transaction. This being the condition of the evidence when appellee rested its case, we think appellant's motion to direct a verdict in his favor should have been allowed, and that it was error to refuse it.

In the course of the trial, evidence was admitted, over appellant's objection, as to what was done with the goods in the store, by appellant, after the writ in this case was issued and some of the property seized. This we think was error and highly calculated to prejudice the jury against appellant. The rights of the parties must depend upon what was done prior to the issue of the writ in this case, and appellant is not to be judged by what he may have attempted to do in trying to save himself after he found he had gotten into trouble.

Some of the evidence went in under objections which do not appear to have been passed upon by the court; under these circumstances, no doubt, the jury considered all the evidence thus introduced, regardless of the objections. We can not approve this practice. The party objecting to the introduction of evidence is entitled to a ruling from the court which should go into the record.

Much complaint is made of the action of the court upon the instructions. We shall not attempt to discuss in detail the numerous objections raised to them. They are extremely voluminous and confusing, and the case ought not to have been weighted down with such a mass of instructions, which could tend only to confuse and mislead the jury. In some respects they are contradictory of each other on vital matters, and it is impossible to say which the jury followed. These defects can readily be corrected on another trial. Because we hold that the verdict is against the weight of the evidence, and that improper evidence was admitted, the judgment will be reversed and the cause remanded for a new trial. Reversed and remanded.