### Ellwood Mfg. Co. v. Charles H. Faulkner.

1. FRAUDULENT SALES—*Notice to Subsequent Purchasers—Burden of Proof.*—In an action to recover from a subsequent purchaser the possession of goods originally obtained by his vendor of the plaintiff through false statements as to his financial condition, the burden of proof is upon the plaintiff to show that such subsequent purchaser was not an innocent purchaser for a valuable consideration.

2. EVIDENCE — *Of Fraud — Conversations with Fraudulent Purchasers.*—The burden of showing that a sale of property is fraudulent is upon the party asserting it, and, as bearing upon such question, conversations with the alleged fraudulent purchaser upon the subject, even in the absence of his vendor, prior to the time of the sale, are competent.

Replevin.—Appeal from the Circuit Court of Winnebago County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed February 1, 1900.

R. K. WELSH and WOOD, NEWMAN & ELMER, attorneys for appellant.

CHARLES W. FERGUSON and FROST & McEVOY, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action of replevin, by appellant against appellee, for a car load of barbed wire. The case was tried by a jury, and there was a verdict and judgment for appellee. The wire in question was sold and shipped to P. W. Fenlon, a merchant doing business at Durand, Illinois.

Fenlon, who was at the time in failing circumstances, obtained the wire of appellant by making false statements as to his financial condition. On September 7, 1897, Fenlon made a bill of sale of his stock and some other property to E. B. Norton, and on the same day Norton sold and executed a bill of sale of the same to appellee. The sales were brought about by B. A. Knight, an attorney of Rockford. This is the second time this case has been in this court. On the former occasion the I. L. Ellwood Manufacturing Company had won in the court below, and the case was reversed and remanded by this court. Faulkner v. Ellwood Mfg. Co., 79 Ill. App. 544. It was there held by this court, that before the present appellant could recover, it was necessary to impeach the titles of both Faulkner and Norton, and it was said that, admitting Fenlon was guilty of a fraud, " the record discloses no direct evidence connecting appellant (Faulkner) with the fraud nor showing he had notice. Nor does it show that Norton was not a purchaser in good faith." On the trial of the present case it was admitted that Fenlon obtained the barbed wire in question upon statements as to his financial condition which were false to an extent that would have enabled appellants to recover the property in an action against Fenlon himself, had he retained possession of the same.

It was shown by a preponderance of the evidence that the property which appellee claims, was sold to him by Norton for $1,142, and all over $1,500 he could get out of it; that it was worth between $5,000 and $6,000; and appellee himself testified that the stock was inventoried at

$3,800. Evidence was also introduced which tended to show that Norton was not in fact a *bona fide* purchaser for a valuable consideration, and that this fact was known to appellee. The bills of sale from Fenlon to Norton, and from the latter to appellee, were made out at the same time in the office of Knight, and there was evidence to the effect that Norton was ignorant of what was going on and was simply used by Knight as a go-between. From all of which we are of opinion that the verdict was not warranted by the evidence.

It was necessary for appellant to show that Norton was not an innocent purchaser for a valuable consideration, and, as bearing upon this question, conversations with him upon the subject, even in the absence of appellee, prior to the time he sold to the latter, were competent. When appellant offered evidence of such conversations it was ruled out by the court, and while a portion of the same was afterward admitted, yet the general tendency of the court was to keep out all evidence of conversations, prior to the sale, showing bad faith on the part of Norton, in the absence of appellee. Conversations after the sale were properly excluded, as Norton could not impeach his own title. Only two instructions were given for appellant, while those given for appellee were numerous.

Instruction No. 1, refused, for appellant, was the only one which defined the notice which it was necessary for appellee to have to defeat his title, and, as it stated the law correctly, should have been given.

The second instruction given for appellee told the jury that "in this case the plaintiff claims that the defendant Faulkner purchased the goods in question and at the same time knew that Peter W. Fenlon was attempting to dispose of the same to hinder and delay his creditors, and under such circumstances as would entitle the plaintiffs to recover," and that the burden of showing such facts by a preponderance of the evidence, was upon the plaintiff. The position of the appellant is incorrectly stated in this instruction, as it never claimed that Faulkner purchased the goods

at all. The particular vice of the instruction, however, is that it places the burden upon appellant of showing by a preponderance of the evidence that Fenlon was attempting to dispose of his property to hinder and delay his creditors, " *and under such circumstances as would entitle the plaintiff to recover.*" This instruction required the jury to determine what the circumstances were which would entitle the appellant to recover, and thereby pass upon questions of law as well as fact. It was therefore manifestly improper.

By the twenty-second instruction, given for appellee, the jury was told that " the law presumes that the transaction in question in Knight's office, as far as Faulkner was concerned, was made in good faith and was an honest business transaction, and such will continue to be the presumption unless plaintiff, by the preponderance of the evidence, has proved the contrary."

The question whether the transaction in Knight's office " was made in good faith" or not was a disputed question of fact, for the jury to determine. Under the circumstances of this case, this instruction was of extremely doubtful propriety, was likely to mislead the jury, and should not have been given. Guardian M. L. Ins. Co. v. Hogan, 80 Ill. 35.

For the reasons above stated, the judgment will be reversed and the cause remanded.