MARGARET BURKE, Appellant, *v.* MARY J. HIGGINS, Respondent.

First Department, July 13, 1917.

Ejectment — conveyance claimed to have been forged — evidence — transactions not with decedent but in his presence — when alleged grantee and purchaser on foreclosure is not mortgagee in possession so as to bar ejectment.

On an issue as to whether a deed from the plaintiff, under which the defendant claims, was the act of the plaintiff, or is a forged instrument as claimed by the plaintiff, it was error to exclude testimony of the plaintiff offered for the purpose of contradicting the testimony of witnesses for the defendant as to what took place at the execution of the alleged deed, upon the ground that the alleged grantee (since deceased) was present at the execution, if in fact he took no personal part in the transaction which was carried out between the plaintiff and a lawyer as agent of the grantee.

A transaction between a party and the agent of one deceased does not come within the purview of section 829 of the Code of Civil Procedure.

Where the alleged grantee from the plaintiff bought in the lands on a subsequent foreclosure of a prior mortgage, the plaintiff not having been made a party to the suit, the purchaser did not become a mortgagee in

possession with the consent of the plaintiff so as to bar an action of eject-
ment by her, especially so where the purchaser conveyed to third persons
who subsequently reconveyed to him and his wife as tenants by the
entirety. This, because a mortgagee has no right of possession except
by the consent of the mortgagor, which consent is deemed to be revoked
whenever the mortgagee transfers his mortgage interest.

The aforesaid rule applies with special force where the defendant claims
under an original deed which the plaintiff contends is a forged instrument.

Scott, J., concurred in result, and Page, J., concurred with opinion.

APPEAL by the plaintiff, Margaret Burke, from a judgment
of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of Bronx on the 20th
day of December, 1916, upon the verdict of a jury rendered
by direction of the court after a special verdict had been
received, and also from an order entered in said clerk's office
on the 14th day of December, 1916, denying plaintiff's motion
for a new trial made upon the minutes.

*Charles Blandy,* for the appellant.

*John H. Corwin,* for the respondent.

SMITH, J.:

The plaintiff claims under a deed from one John Higgins
and others to the plaintiff under the name of Margaret Golden,
of date January 23, 1903, the property being subject to a
mortgage to the estate of Abraham Varick for $4,300. The
defendant claims under the said John Higgins by deeds of
later date, claiming that upon October 21, 1903, this plaintiff
reconveyed said premises to said John Higgins subject to
the same mortgage of $4,300. The question at issue and
which was submitted to the jury was whether this paper
purporting to be a deed from the plaintiff to John Higgins
in 1903 was the act of the plaintiff or was a forged instrument.
The plaintiff swore upon her own behalf that she had never
signed a deed of the property, that the signature purporting
to be her signature was not hers, and that she had not
acknowledged it. Thereafter the defendant produced two
witnesses, one the lawyer who drew the deed and who claimed
to have taken the plaintiff's acknowledgment, and another

witness, one Nora Stanton, who swore to facts establishing
the execution of the deed by the plaintiff.  Thereafter the
plaintiff was called back to the stand for the purpose of
contradicting the stories told by these witnesses, and was not
allowed to contradict them under the objection made that
she was incompetent to testify under section 829 of the Code
of Civil Procedure.  The fact was that this transaction
wherein the deed is claimed to have been signed by the
plaintiff's mark, and not by her written signature, took place
in the presence of John Higgins, although it does not appear ·
that he took any part in the transaction.  The deed was
procured through the intervention of the lawyer, Schek,
between whom and the plaintiff was the entire transaction.
This evidence was, I think, competent evidence.  If it had
been excluded on the ground that the witness had already
sworn that this signature was not hers, a different question
might arise.  But after the detailed testimony of the witness
Schek and the witness Stanton, it was only fair to the plaintiff
that she should be allowed to tell her version of the transaction,
and notwithstanding John Higgins, the deceased, was in the
room, inasmuch as he was in no way a party to the transaction
except through his agent Schek.  No authority is cited by
. the respondent to sustain this ruling, and no direct authority
is found within this State to support the view here expressed.
That the fact that the deceased was present during a trans-
action between a third party and the deceased's agent does
not render the third party incompetent to swear to the
transaction, seems to be held in *Denny* v. *Denny* (123 Ind.
240) and in *Dougherty* v. *Deeney* (41 Iowa, 19, 21).  That a
transaction between a party and the agent of the deceased
does not come within the purview of the section is admitted
by all the authorities, and it is difficult to see why the mere
presence of the deceased person, taking no part whatever
in the transaction, should alter the right of the party claiming
under the deceased of giving testimony of such a transaction,
especially when that testimony had already been given by
the agent of the deceased who conducted the conversation
in his behalf.

The main contention, however, of the respondent's brief
seems to rest upon the claim that the defendant, upon the

plaintiff's own showing, is a mortgagee in possession with the consent of the plaintiff and that, therefore, an action in ejectment will not lie. This claim arises from the fact that after 1903 this Varick mortgage was foreclosed and Higgins bought in the property. In that foreclosure, however, the plaintiff was not made a party, and the defendant contends that, notwithstanding the foreclosure was upon the plaintiff's claim invalid as against the plaintiff, nevertheless Higgins acquired all the rights of the mortgagee, and inasmuch as his possession of the property was with the consent of the plaintiff, that Higgins became a mortgagee in possession, subject only to an equitable action to redeem, and not to an action of ejectment. If we assume that the purchase under a foreclosure void as to the plaintiff gave to Higgins the rights of a mortgagee, and if we assume that his possession was consented to by the plaintiff, it appears that thereafter and in 1911 Higgins and his wife conveyed this property to one Touhy, who upon the same day reconveyed to Higgins and his wife as tenants by the entirety, and both of these conveyances were subject to a mortgage in the sum of $4,300 held by this same Varick estate. The record does not disclose whether the original Varick mortgage was allowed to stand, or whether a new mortgage to the same parties for the same amount was executed. In either case, Higgins could no longer be considered a mortgagee in possession. A mortgagee has no right to possession except by the consent of the mortgagor, and that consent must be deemed to be revoked whenever the mortgagee has transferred his mortgage interest, because the very reason why such a consent should be given has ceased. The plaintiff could not tender to Higgins or to his transferee the amount of the mortgage and demand possession, because neither Higgins nor his transferee has the mortgage interest.

As applied to the facts in the case at bar, the rule above stated has greater force, because the plaintiff never consented to the entry of Higgins or to his possession as mortgagee. He was in possession at the time he purchased under foreclosure of this Varick mortgage. His claim apparently was under this deed, which the plaintiff challenges as a forged instrument. Even before this deed Higgins had possession under no

apparent title except as tenant at will with obligation to surrender possession after due notice. The foreclosure of this mortgage and the purchase by Higgins of the property appears to have been without the knowledge of the plaintiff and under such circumstances that the defendant cannot be deemed to hold as a mortgagee in possession, directly within the case of *Barson* v. *Mulligan* (191 N. Y. 306). Under these circumstances, it would seem clear that the plaintiff may bring ejectment.

For the error, then, in the rejection of this evidence of the plaintiff, this judgment must be reversed and a new trial granted, with costs to appellant to abide the event.

Dowling and Shearn, JJ., concurred; Scott, J., concurred in result.

Page, J. (concurring):

The fact that John Higgins, through whom the defendant derived her title, was present in the room at the time it was claimed the deed was signed and acknowledged, and that John Higgins was dead at the time of the trial, did not render the plaintiff incompetent to testify by reason of the rule laid down in section 829 of the Code of Civil Procedure. Although the deed which it was alleged the plaintiff signed and acknowledged was to John Higgins as grantee, the fact of the signing and acknowledgment was testified to by the notary and attorney. It was not stated that John Higgins participated in that transaction. It was not, therefore, " a personal transaction or communication between the witness and the deceased person." The reason for the enactment of section 829 to prevent a party or one interested in the event giving testimony as to personal transactions or communications with a deceased person, is that the deceased cannot confront the survivor or give his version of the affair, or expose the omissions, mistakes or falsehoods of the survivor. Where the transaction was not with the deceased, but with a third person in his presence, it does not come within either the letter or reason of the section.

The judgment will, therefore, have to be reversed, unless the question of the execution of the alleged deed by the plain-

tiff to the defendant has become academic by reason of the
possession by John Higgins of the premises subsequent to
the foreclosure of the prior mortgage upon the premises,
he having become a purchaser thereof at the foreclosure
sale.

The questions necessarily to be determined upon this
latter branch of the case are: Did John Higgins become a
mortgagee in possession? And does the defendant succeed
to his rights as such mortgagee in possession, and hence is
she entitled to hold the property until the plaintiff redeems
by paying the mortgage debt or such portion thereof as would
be found due upon an accounting for the rents, issues and
profits? If the plaintiff was the owner of the equity of
redemption at the time the foreclosure action was brought
(and for the purposes of this discussion it must be assumed
that she was), the foreclosure as to her was void. Had the
omitted party been other than the owner of the equity of
redemption, the purchaser at the foreclosure sale would, as
to that party, become a mortgagee in possession; but where
the omitted party is the owner of the equity of redemption,
it has been distinctly held that the purchaser at the sale
under the judgment derives no title whatsoever, and the
possession of the purchaser is because of an entry without
lawful authority and amounts to a trespass. (*Herrmann* v.
*Cabinet Land Co.*, 217 N. Y. 526, 529.) Therefore, the entry
of John Higgins did not constitute him as to this plaintiff a
mortgagee in possession by virtue of the deed given upon the
foreclosure sale.

It is claimed further, however, that he entered into pos-
session with the consent and knowledge of the plaintiff, and
that by reason thereof his possession will be held to be that
of a mortgagee in possession; and it is true that " whenever
it appears that the mortgagor has consented, either expressly
or impliedly, by contract or conduct, to the entry of the
mortgagee, for purposes, or under circumstances, not incon-
sistent with their relative legal rights under the mortgage, the
possession of the mortgagee may properly be regarded as
lawful. So, on the other hand, when the entry of the
mortgagee is effected by the consent of the mortgagor under
a relation that is hostile to, or inconsistent with, the legal

rights of the parties under the mortgage, then the mortgagee's possession must stand or fall without reference to his mortgage." (*Barson* v. *Mulligan*, 191 N. Y. 306, 322.)

It is not claimed that, with knowledge of their relation as mortgagor and mortgagee, the plaintiff actually consented to John Higgins' entry upon the premises. In my opinion, an implied consent cannot be spelled out from the circumstances of this case. Entry was not with her express consent, nor is it shown that at the time she had knowledge that Higgins' entry was claimed to be under the mortgage, but that his entry was hostile to and inconsistent with the rights of the plaintiff. He claimed to be in possession by virtue of the deed alleged to have been executed by the plaintiff and by virtue of the referee's deed of foreclosure. His entry, therefore, was hostile to plaintiff's title, and he has no right to possession as against the plaintiff until such hostile holding shall have ripened into a title by adverse possession.

For this reason I am of opinion that the judgment should be reversed and a new trial granted.

Judgment reversed and new trial ordered, with costs to appellant to abide event.