(May 31, 1923.)

## MORTON REALTY COMPANY, LTD., a Corporation, Appellant, v. BIG BEND IRRIGATION & M. CO., a Corporation, Respondent.

[218 Pac. 433.]

APPEAL AND ERROR—BRIEFS—ENUMERATION OF ERRORS—TRIAL—FAILURE TO RULE ON OBJECTIONS—COURTS—RULES OF COURT.

1.  An assignment of errors in a brief on appeal that "the findings of fact, conclusions of law and decree are contrary to the law and the evidence" does not comply with supreme court rule 42, requiring the brief of appellant to "contain a distinct enumeration of the several errors relied on," and therefore will not entitle appellant to a review of the questions attempted to be raised by such assignment.

2.  For the purpose of expediting and facilitating its business, the supreme court has the power to make and enforce reasonable rules imposing requirements for the presentation of questions for review in addition to those prescribed in C. S., sec. 6886, which provides that the reporter's transcript duly settled shall be deemed adequate to present for review any ruling appearing therein to have been duly excepted to.

3.  The party objecting to the introduction of evidence is entitled to a ruling from the court which should go into the record.

4.  Where it does not appear that the trial court relied on incompetent testimony in arriving at its decree, the decree will not be reversed because of the admission of such testimony.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action to recover portion of cost of building a dam. Judgment for defendant. *Affirmed.*

Bissell & Bird, for Appellant.

Parol evidence is not admissible to vary, add to or modify the terms of written instruments by showing the intentions of the contracting parties; neither are witnesses allowed to analyze written instruments, that being for the court. (22

C. J. 1098; *Hurt v. Monumental Mercury Mining Co.*, 35 Ida. 295, 206 Pac. 184–186.)

Appellant had no notice, either constructive or actual, that the land it was acquiring was burdened with anything more than its proportionate share of the expense of upkeep and repair of the common diversion works of the water supply. Under these conditions appellant cannot be required to pay more than its proportionate share of such expense. (15 C. J. 1253, note 95; *California Packing Corp. v. Grove*, 51 Cal. App. 253, 196 Pac. 891; *Nampa & Meridian Irr. Dist. v. Gess*, 17 Ida. 552, 106 Pac. 993.)

The Buckeye Ranch Company built a dam and diversion works and sold or traded water therefrom to appellant, respondent and several others, and the company has no further interest in the works or water; such purchasers are tenants in common as to said diversion works and are liable for their repair and upkeep in proportion to the amount of water each user takes therefrom. (C. S., secs. 5328, 5372, 5659; 7 R. C. L. 816; *Raylston Ins. Co. v. Davis*, 68 N. C. 17, 12 Am. Rep. 624; *Powell v. Powell*, 22 Ida. 531, 126 Pac. 1058; *Keyser v. Morehead*, 23 Ida. 501, 130 Pac. 992; *Duplesse v. Heskell*, 89 Vt. 166, 94 Atl. 503; *Carnes v. Dalton*, 56 Or. 596, 110 Pac. 170; *Moss v. Rose*, 27 Or. 595, 50 Am. St. 743, 41 Pac. 666.)

A contract whereby one party agrees to "turn" to the other a certain amount of water from a diversion works being constructed, without damage to the second party, does not obligate the builder of such works to maintain the same for all time at his own expense exclusively. (C. S., sec. 5659; *Nampa & Meridian Irr. Dist. v. Gess, supra.*)

Hawley & Hawley, for Respondent.

Appellant has no standing in this court in that it has not complied with the requirements of rule 42. (C. S., sec. 6886; *Smith v. Williams*, 36 Miss. 545; *Lloyd v. Chapman*, 93 Fed. 599, 35 C. C. A. 474; *Hedlun v. Holy Terror Min. Co.*, 16 S. D. 261, 92 N. W. 31, 36; *Squires v. Foorman*, 10

Cal. 298; *Franz Falk Brewing Co. v. Mielenz,* 5 Dak. 136, 37 N. W. 728; *State v. Chapman,* 1 S. D. 414, 47 N. W. 411, 10 L. R. A. 432; *Smith v. Wallace National Bank,* 27 Ida. 441, 150 Pac. 21; *Nelson Bennett v. Twin Falls Co.* (on rehearing), 14 Ida. 5, 93 Pac. 789.)

. The trial court did not err in failing to sustain objections made to the introduction of oral evidence referred to in the appellant's assignment of error No. 1. (*Keller v. Webb,* 125 Mass. 88; *Hinneman v. Rosenbac,* 39 N. Y. 98; *Montelius v. Atherton,* 6 Colo. 326; *Ball v. Berrymen,* 73 Ill. 30; *Pimney v. Thompson,* 3 Iowa, 74; 2 Parsons on Contracts, 5th ed., 549; *Martin v. Huyler,* 55 Hun (N. Y.), 611; *Goldsmith v. Holmes,* 36 Fed. 484, 13 Sawy. 526, 1 L. R. A. 816; *Cook v. Brown,* 62 Mich. 473, 4 Am. St. 870, 29 N. W. 46; *Spongberg v. First Nat. Bank,* 15 Ida. 671, 99 Pac. 712; *Barnett v. Hagan,* 18 Ida. 104, 108 Pac. 743.)

The findings of fact, conclusions of law and decree are squarely in accord with the evidence and supported by the law. (*Broadbent v. Brumback,* 2 Ida. 366, 16 Pac. 555; *Leggat v. Blomberg,* 15 Ida. 496, 98 Pac. 723; *Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac 94; *Bafus v. Peeper,* 33 Ida. 324, 194 Pac. 96; *Brown v. Grubb,* 23 Ida. 537, 130 Pac. 1073; *Brinton v. Steele,* 23 Ida. 615, 131 Pac. 662; *Morris-Roberts Co. v. Marriner,* 24 Ida. 788, 135 Pac. 1166; *Holland v. Avondale Co. Dist.,* 30 Ida. 479, 166 Pac. 259; *McKeehan v. Vollmer Clearwater Co.,* 30 Ida. 505, Ann. Cas. 1918E, 1197, 166 Pac. 256.)

Neither the appellant nor its predecessor in interest contracted to furnish water to respondent from its diversion works, but the respondent, to enable appellant's predecessor to obtain a water supply from Thompson Spring, permitted the removal of part of its own diversion works and afterward received its water as raised by appellant's dam. (*Paddock v. Clark,* 22 Ida. 498, 126 Pac. 1053; *Russell v. Irish,* 20 Ida. 194, 118 Pac. 501; *Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19; C. S., sec. 5328.)

The respondent is not a tenant in common with appellant in the dam or diversion works constructed by appellant.

(3 Words and Phrases, 2307; 7 R. C. L. 837; *Keyser v. Morehead,* 23 Ida. 501, 130 Pac. 992; *Nampa & Meridian Irr. Dist. v. Gess,* 17 Ida. 552, 106 Pac. 993; *Gess v. Nampa & Meridian Irr. Dist.,* 33 Ida. 189, 192 Pac. 474.)

FLYNN, Commissioner.—In this case, appellant's brief, after stating the facts, makes the following "Assignments of Error":

1. "The trial court erred in failing to sustain objections made to the introduction of oral evidence which tended to vary, add to, modify and analyze formal written instruments before the court.

2. "The findings of fact, conclusions of law and decree are contrary to the law and the evidence."

Respondent contends that appellant has no standing in this court because of noncompliance with rule 42 of the supreme court rules, which provides that "the brief of appellant shall contain a distinct enumeration of the several errors relied on." The above-quoted "Assignments of Error" is the only attempt to comply with the rule and while we deem it of no moment that the term "Enumeration of Errors" or "Specification of Errors" was not used, we feel that the catch-all assignments of error in appellant's brief are of no assistance to the court or to opposing counsel, which is the reason for and the purpose of the rule. (*Smith v. Wallace Nat. Bank,* 27 Ida. 441, 150 Pac. 21; *Smith v. Williams,* 36 Miss. 545; *Mokelumne Hill C. & M. Co. v. Woodbury,* 10 Cal. 187; *Hedlun v. Holy Terror Min. Co.,* 16 S. D. 261, 92 N. W. 31, 36.) In *Whitney v. Dewey,* 10 Ida. 633, 80 Pac. 1117, 69 L. R. A. 572, and in *Smith v. Wallace Nat. Bank* (*supra*), the object of the rule was held to be attained by reason of the specifications made on the motion for new trial and contained in the transcript. In *Marnella v. Froman,* 35 Ida. 21, 204 Pac. 202, the specification of error was "that the judgment of the court is contrary to law and evidence for each of the reasons hereinbefore set forth." The court held that the particulars of insufficiency of the evidence were set forth in the preceding specifications

thus referred to and were therefore sufficiently set forth in the brief. As to the sufficiency of the evidence to support the findings and decree, the attempted specification of errors in the present case would have been insufficient under the practice of a bill of exceptions. (*Humphrey v. Whitney,* 17 Ida. 14, 103 Pac. 389.) In *Citizens' Right of Way Co. v. Ayers,* 32 Ida. 206, 179 Pac. 954, it was held that under C. L., sec. 4434 (C. S., sec. 6886), a specification in the brief of the insufficiency of the evidence to support the findings is necessary to bring such question before the court for review. In *Standley v. Flint,* 10 Ida. 629, 79 Pac. 815, this court said: "The requirements of that rule should be carefully followed by counsel for appellants in preparing briefs." We see no efficacy in this warning or in the rule itself if the rule is not to be enforced. Therefore, we are of the opinion that the second assignment of error above quoted is not sufficient under rule 42 to entitle appellant to a review of the findings, conclusions and decree in order to determine whether they are contrary to the law and the evidence.

C. S., sec. 6886, subd. 3, provides that when the reporter's transcript is settled it "shall have the force and effect of a bill of exceptions duly settled and allowed, and shall be deemed adequate to present for review any ruling appearing therein to have been excepted to, or by statute deemed excepted to, or any question of insufficiency of evidence which may afterward be properly presented by specification of insufficiency in the brief on appeal." We have disposed of the question of the specification of insufficiency of the evidence.

Notwithstanding that the statute states what shall be deemed adequate to present certain questions for review, we think that it is within the province and power of the court to make additional reasonable requirements tending to expedite and facilitate the determination of matters submitted to it, and that the rule providing for a distinct enumeration of the errors relied on is a reasonable requirement. However, in accordance with the frequently manifested reluct-

ance of this court to decide appeals on what are commonly called "technicalities" and in view of the reiterated warning implied in our disposal of the second assignment of error (if warnings have any place in an opinion and are not *obiter dicta*), we shall consider the first assignment of error, because it is supplemented to a slight degree by the argument contained in the brief wherein we are referred to the transcript folios containing the testimony. objected to. One of the parties who executed a written contract in evidence, was asked on cross-examination what he meant by a particular clause and what was his understanding of particular clauses thereof, and what was in the minds of the parties as to the meaning of these particular clauses. One of these questions as to the amount of water to be furnished under the contract had been asked and answered on direct examination and the answer given to the question objected to was the same as that previously given. The answer given to the question as to what the parties understood by the clause absolving one of the parties from responsibility for any damage caused by the construction of the dam was that such party would not be responsible for anything that happened, which did not vary the terms of the contract. The contract granted permission to second parties (one of whom was the witness) "to construct a dam across the ditch now owned by first party" and the witness was asked his understanding in regard to the ownership of that ditch and answered that "we were to own it."

On objections made to the foregoing questions and on motion to strike the testimony the court reserved his rulings and the record does not show that he ever made a ruling thereon.

The party objecting to the introduction of evidence is entitled to a ruling from the court which should go into the record. (*Faulkner v. I. L. Elwood Mfg. Co.*, 79 Ill. App. 544; *City of Stockton v. Dunham*, 59 Cal. 609; *Finnegan v. City of Sioux*, 112 Iowa, 232, 83 N. W. 907.)

Some of the courts require that he must have demanded a ruling before the conclusion of the trial or when judgment

is entered.   (*Nestal v. Schimd,* 39 N. J. L. 686; *Gable v. Hainer,* 83 Iowa, 457, 49 N. W. 1024.)

In this case, whether the objections made to this testimony were overruled or sustained, we are convinced that the trial court could have arrived at no other conclusion than that embodied in the judgment on the issues presented and that there was no prejudicial error in the admission of the testimony.   It is the general rule that error will not lie for the admission of irrelevant or incompetent evidence in a case tried to the court without a jury, at least where it does not appear that the court relied on the incompetent evidence in making its decree.   (26 R. C. L., p. 1085.)   Notwithstanding what we have said as to the second assignment of error, we have deemed it necessary to review the entire record in arriving at the latter conclusion.   The judgment should be affirmed.

McCarthy, Dunn and William A. Lee, JJ., concur.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is affirmed, with costs to respondent.

Petition for rehearing denied.