■ In the Matter of the Estate of URI S. FRENCH, Deceased. TILLIE R. FRENCH, Appellant; SALLY F. HUGHES et al., Respondents.— Appeal from a decree of the Surrogate's Court of Chemung County which, in a proceeding to determine the validity and effect of the attempted election by testator's widow to take her share of decedent's estate as in intestacy (Decedent Estate Law, § 18), held the widow barred from such election by virtue of the provisions of an antenuptial agreement. The agreement was executed by both parties two days before their marriage. The instrument had previously

been prepared by testator's attorney, who was also his close friend and a business associate, solely in accordance with testator's instructions and without prior consultation with appellant. Testator was then 64 years old and appellant 19 years younger. Each was the parent of children by a prior marriage. Appellant had for many years preceding this second marriage worked as a domestic. Testator was successful in a wholesale business and was a director of two banks. His financial worth was then $150,000 and at the time of his death 20 years later was substantially greater. The agreement provided for the creation, upon the prospective husband's death, of a trust fund " in an amount not to exceed the sum of $25,000 principal", the income therefrom to be paid to appellant until her death or remarriage. These and certain related provisions and a recital of the parties' intended marriage were followed by appellant's waiver, " In consideration of the foregoing agreement", of any right of election to take as against any will of her husband. Testator's attorney supervised the execution of the agreement at his office. He testified that appellant read the instrument. This she denied, as she did the attorney's testimony that he informed her as to a widow's rights in testator's estate in the absence of an agreement and, further that under the agreement testator " could leave her nothing or could leave her any amount he wanted above the $25,000 ". There is no indication that the extent of testator's property was disclosed. We must view in the light of all the circumstances the strange language of the provision for a trust in an amount " not to exceed " the sum of $25,000, which would, of course, be satisfied by the establishment of a trust in an amount purely nominal. No reasonable explanation for the use of this language by an experienced lawyer has thus far been advanced, if the purpose was not to mislead a woman of little education or experience. Under all the circumstances, there seems to us sufficient " evidence of overreaching — the concealment of facts, misrepresentation or some form of deception " to warrant an inference of fraud, in violation of the " relation of mutual confidence " which existed between the parties to this antenuptial agreement. (Matter of Phillips, 293 N. Y. 483, 491; Graham v. Graham, 143 N. Y. 573.) While the trier of the facts would perhaps have been justified in finding the inference overcome by respondents' proof, if credited, the decision, which is in opinion form and not accompanied by formal findings, does not seem to meet and resolve the factual issue presented. The opinion is incorrect in stating that there was " no proof that the petitioner did not realize she was signing a waiver in contemplation of marriage"; and the statement that there was no " proof of any misrepresentation to the petitioner as to what she would get " also appears inaccurate as denying even the possibility of the contrary inferences of which the proof seems susceptible. The statement that " the provisions of the Will gave her more than she could expect under the agreement " is not a proper predicate for the decision; and the finding that a will executed by testator at the time the agreement was signed provided a trust of $25,000 for the appellant's benefit (the effect, according to the opinion, being to " clarify any possible doubt as to the meaning  *  *  * of the agreement ") is not sustained by the evidence. Errors in the exclusion of testimony also require reversal. The effect of certain rather meager evidence given by appellant was to deny the testimony of the attorney that he advised appellant as to her rights in testator's estate in the absence of an agreement and told her that under the agreement testator " could leave her nothing "; but amplification and further development of proof directly contradictory of the attorney's testimony were prevented when the court sustained objections to appellant's competency under section 347 of the Civil Practice Act. These

objections were properly sustained in those instances which involved transactions with testator and his participation in the discussions. In a different category, however, were the attorney's statements above noted. Under the attorney's own version of them, these did not constitute personal transactions between testator and appellant; testator did not participate in them and his presence was in no way material to them; and they were clearly separable from the basic transaction ultimately constituted by the joint execution of the agreement and were by their very nature independent of the other transactions in which testator participated. (See *Pratt* v. *Elkins*, 80 N. Y. 198; *Hildebrant* v. *Crawford*, 65 N. Y. 107; Richardson, Evidence [8th ed.], p. 418, citing, *inter alia, Burke* v. *Higgins*, 178 App. Div. 816, and *Matter of Ryder*, 279 App. Div. 1131, motion for leave to appeal denied 304 N. Y. 990.) Decree reversed on the law and the facts and a new trial ordered, with costs to appellant payable from the estate. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.