■ In the Matter of the Estate of HUGH C. TREMAINE, Deceased. RUTH BRIGGS, as Executrix of HUGH C. TREMAINE, Deceased, Appellant; NEAL MADDY et al., Respondents.—Yesawich, Jr., J. Appeal from an order of the Surrogate's Court of Broome County (Thomas, S.), entered July 22, 1988, which adjudicated certain personal property as belonging to respondents.

Petitioner, as executrix of decedent's estate, commenced this proceeding pursuant to SCPA 2103 to recover the contents of decedent's home. Respondents assert that decedent made an inter vivos gift of the property to them.

At a nonjury trial, respondent Neal Maddy (hereinafter respondent) testified that decedent was his uncle by marriage because decedent had married respondent's blood aunt. Respondent described the close relationship he and his wife, respondent Laray Maddy, shared with decedent and his wife. In addition to frequent visitation over the years, respondents, following the death of decedent's wife, sold their home in Kentucky, moved in with decedent and cared for him until his death five months later. Respondent's brother, Evan Maddy (hereinafter Maddy), and Samuel Levene, decedent's former neighbor and attorney, also testified on respondent's behalf. Petitioner proffered no witnesses. Surrogate's Court found that respondents proved by clear and convincing evidence that

decedent had made an inter vivos gift to them of the contents of the residence. An affirmance is in order unless certain evidentiary rulings made by the court and to which petitioner objected were erroneous.

Surrogate's Court did not err in admitting any of the challenged testimony. While respondent could not and did not testify that he received property from decedent because such testimony infers delivery (Fisch, New York Evidence § 289, at 184-185 [2d ed]; *see,* CPLR 4519), respondent could, as he did, simply describe his rearrangement, storage and disposal of decedent's furniture and belongings which occurred while respondents were residing with decedent. These descriptions do not refer to a personal transaction "between a person since deceased and another person" (58 NY Jur 2d, Evidence and Witnesses, § 902, at 624). Respondent's testimony in this regard pertained only to acts that he performed himself and did not involve the decedent in any way *(see, e.g., Matter of French,* 8 AD2d 660, 662).

Similarly, Maddy's testimony was admissible. Although an interested person within the meaning of CPLR 4519 *(see,* Fisch, New York Evidence § 266, at 168 [2d ed]), Maddy testified against his interest. As a residuary beneficiary under the terms of decedent's will, Maddy's testimony effectively precluded him from sharing in any portion of the property at issue. CPLR 4519 is no bar to an interested party testifying against his own interest *(Rubin v Kurzman,* 436 F Supp 1044, 1048; *Harrington v Schiller,* 231 NY 278, 285; *see, Matter of Derrico,* 279 App Div 615).

Nor was the testimony of decedent's neighbor, Levene, inadmissible. No attorney-client relationship existed when decedent informed him of the gift. In the absence of any attorney-client relationship, Surrogate's Court properly admitted decedent's statements to Levene under the hearsay exception as a statement against the declarant's proprietary interest (Fisch, New York Evidence § 897, at 523 [2d ed]).

Order affirmed, without costs. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.