OLD TOWN WOOLEN COMPANY, INC., Appellant, *v.* LOUIS FISHMAN & SON, INC., Respondent.

First Department, December 3, 1926.

Sales — action by seller to recover price of installment delivered — counterclaim for breach by seller in failing to complete deliveries — buyer breached contract by failing to pay installment due September 1, 1925 — seller had until October, 1925, to complete deliveries — shipment of goods after September 1, 1925, not waiver of breach since seller thereafter demanded payment — buyer cannot recover on counterclaim.

In an action to recover the purchase price of an installment of goods delivered, the buyer cannot recover on a counterclaim alleging a breach on the part of the seller in failing to complete the deliveries, since it appears that the buyer breached the contract on September 1, 1925, by failing to pay the installment then due on prior deliveries; that the seller had until October 1, 1925, to complete deliveries and did not waive the breach of the contract by the buyer by making shipments after September 1, 1925, for it demanded payment of the September installment several times during September and only refused to make further shipments when that installment was not paid.

APPEAL by the plaintiff, Old Town Woolen Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of March, 1926, denying plaintiff's motion, made under rules 113 and 114 of the Rules of Civil Practice and section 476 of the Civil Practice Act, for an order striking out defendant's answer and for summary judgment.

*Bertram L. Fletcher* of counsel [*Joseph F. Gould* with him on the brief], for the appellant.

*Benjamin Fisher* of counsel [*Fisher & Deimel,* attorneys], for the respondent.

McAVOY, J. The order now here denies plaintiff's motion for summary judgment. The action was for goods sold, delivered and accepted, pursuant to a written order upon terms of credit. The sum demanded is $9,014.77. The sale and delivery of the goods is admitted in the answer and the sum due is not contested, but by way of counterclaim defendant seeks to recover from plaintiff damages for failure on the part of the plaintiff to carry out the terms and conditions of the written order, which constitutes the contract of the parties. The reply to this counterclaim admits that plaintiff failed to deliver 381 pieces of woolens out of 660 pieces ordered. It also admits that the merchandise was sold subject to the terms of credit as outlined in defendant's answer.

The order provides that 660 pieces of woolens were to be delivered to the defendant during the months of April, May, June, July, August and September, 1925. The plaintiff during the period of the contract delivered only 279 pieces of woolens and thereafter refused to deliver the balance of 381 pieces, as provided for in the order during the months specified therein.

If the seller breached the contract by failing to make these deliveries and was not excused from going forward with the contract by the buyer's failure to pay the installments for goods delivered, which were due on September 1, 1925, then the counterclaim is good. If the seller was excused from further deliveries of the goods because of failure to make payments for the merchandise, which payments were due on September 1, 1925, and amounted to $4,187.31, then the counterclaim was not of avail against the action for the price for the installment deliveries.

The defendant contends that the plaintiff was not justified in refusing to tender future deliveries of goods because of defendant's failure to pay for the merchandise due on August 31 or September 1, 1925, because he asserts that this failure to pay was waived by plaintiff's delivering other merchandise after September 1, 1925, thus indicating an intention not to insist upon strict performance, and making it necessary to put the defendant in default by notice thereof and to make a specific demand for payment within a reasonable time after such demand. Such a demand, however, was made after this alleged waiver, to wit, on September 14, 1925, and on September 16, 1925, for the payment of the amount that fell due on September 1, 1925. Plaintiff did not elect when payment fell due on September 1, 1925, to declare the contract at an end. Its representative wrote defendant demanding payment of its past due indebtedness on September 14 and again on September 16, 1925, and notified the defendant in the letter of September sixteenth that it had 230 pieces of goods ready for delivery, but received no reply whatever and discontinued shipments after September twenty-first. On October 6, 1925, another letter was written to defendant and suit was brought on November 4, 1925, for the amount due.

Under the terms of the contract the seller had until the last day of September in which to make delivery of the goods, hence if the seller breached the contract, it was breached on October 1, 1925. There was a prior breach concededly on September 1, 1925, by failure of defendant to pay the installment sum that fell due on that date for the goods delivered in June and July. It failed to pay even after the demands of September fourteenth and sixteenth. Therefore, being in default on its payment of Septem-

First Department, December, 1926. [Vol. 218

ber first, defendant could not enforce deliveries without paying its indebtedness.

Plaintiff cannot be compelled to carry out a contract which defendant had breached and of which it neglected due performance. The triable issues which defendant seems to consider in the case are: *First*, as to the question of credit. *Second*, as to whether the failure to pay one installment when due gives the seller the right to cancel the entire contract. *Third*, as to whether there was a waiver of defendant's breach by the delivery of further merchandise subsequent to the breach.

There is no question whatever as to the terms of credit. It is admitted that the sum due, if due at all, was due on August 31, 1925, under the E. O. M. or end of month credit. The question whether failure to pay one installment gives the seller a right to cancel the contract with the buyer is not here, because plaintiff did not cancel the contract when defendant failed to make the payment of September 1, 1925. Plaintiff expected the defendant to pay the amounts due because the defendant had paid the August and July installments. It demanded payment of the amount due on September first several times thereafter, and then brought suit for the price. It did not cancel the contract nor did plaintiff waive the breach of defendant by delivering further merchandise after non-payment, because while it continued to make shipments until it was apparent that defendant would make no further payments, it gave the defendant notice requiring payment within a reasonable time thereafter. There cannot be a recovery of damages by defendant from plaintiff for breach of the contract for failure to deliver, prior to October 1, 1925, the balance of the goods of the contract, when under the terms of the very contract defendant failed to make payments of the amounts due from it to the plaintiff on September 1, 1925, or to take from plaintiff's agent 230 pieces of the balance of the goods which were ready for delivery on September 16, 1925, although notified that the goods were ready.

The order should be reversed, with ten dollars costs and disbursements, and the plaintiff's motion to strike out the defendant's answer and for summary judgment in favor of the plaintiff for the relief demanded in the complaint, on the ground that there is no defense to the action and that the answer is sham, should be granted, with ten dollars costs.

CLARKE, P. J. DOWLING, MERRELL and BURR, JJ., concur

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.