■ In the Matter of EUGENE J. BARABASH, Deceased. EUGENE K. BARABASH et al., Respondents; LINDA BARABASH, Appellant. [924 NYS2d 544]—

In a turnover proceeding pursuant to SCPA 2103 to recover certain real property on behalf of a decedent's estate, Linda

Barabash appeals from (1) a decision of the Surrogate's Court, Suffolk County (Czygier, S.), dated March 18, 2010, and (2) a decree of the same court entered April 13, 2010, which, after a nonjury trial, directed her to turn over certain real property to the petitioners as coadministrators of the decedent's estate.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the decree is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioners-respondents, payable by the appellant personally.

Upon the death of Eugene J. Barabash (hereinafter the decedent), the appellant wife was obligated to turn over the marital residence to his estate, pursuant to an agreement signed by the decedent and the appellant before their marriage. The four-page agreement in issue was authenticated by the appellant, who identified her subscribing signature and acknowledged that she and the decedent "both signed our signatures." As noted by the Surrogate, CPLR 4519, known as the Dead Man's Statute, did not preclude the appellant from testifying against her own interest (*see Harrington v Schiller*, 231 NY 278, 285 [1921]; *Miller v Lu-Whitney*, 61 AD3d 1043, 1044-1045 [2009]; *Matter of Tremaine*, 156 AD2d 862, 863 [1989]; *Brezinski v Brezinski*, 84 AD2d 464, 468 [1982]).

The general rule with respect to prenuptial agreements "places no special evidentiary or other burden on the party" who seeks to sustain the agreement (*Matter of Sunshine*, 40 NY2d 875, 876 [1976]). However, a spouse who contests a prenuptial agreement may shift the burden of disproving fraud or overreaching to the party seeking to sustain the agreement, by establishing "a fact-based, particularized inequality" (*Matter of Greiff*, 92 NY2d 341, 346 [1998]; *see Strong v Dubin*, 48 AD3d 232, 232 [2008]). In this case, the appellant failed to establish any fact-based particularized inequality with the decedent. The fact that she did not have independent counsel, without more, did not constitute grounds to nullify the agreement (*see Forsberg v Forsberg*, 219 AD2d 615, 616 [1995]).

Upon the decedent's death, the appellant obtained sole title to the marital residence pursuant to the terms of the deed granting title to her as a tenant by the entirety with the decedent (*see Matter of Violi*, 65 NY2d 392, 395 [1985]). However, the law required her, as sole owner, to fulfill her contractual agreement with respect to the property (*see Wagner v Wagner*, 58 AD2d 7, 12 [1977], *affd* 44 NY2d 780 [1978]; *Azzara v Azzara*, 1 AD2d 1012, 1013 [1956]). The fact that she had sole title upon the

decedent's death did not absolve her of her contractual obligations (*see Lynch v King*, 284 AD2d 309 [2001]).

The appellant's remaining contentions are without merit.

Accordingly, the Surrogate's Court properly directed the appellant to turn over the property to the petitioners as coadministrators of the decedent's estate. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.