Feldmann v Scepter Group, Pte. Ltd. (2020 NY Slip Op 03855)





Feldmann v Scepter Group, Pte. Ltd.


2020 NY Slip Op 03855


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


650440/2018 11789A 11789

[*1] Matthew Feldmann, Plaintiff-Respondent,
v
Scepter Group, Pte. Ltd., et al., Defendants-Appellants.


Lewis Brisbois Bisgaard & Smith LLP, New York (Peter T. Shapiro of counsel), for appellants.
Kraus & Zuchlewski LLP, New York (George B. Schwab of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered October 2, 2019, awarding plaintiff the total amount of $465,186.81, unanimously modified, on the law and the facts, to vacate so much of the judgment as held defendant Withanage personally liable, and the matter remanded for a determination as to his personal liability, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered or about February 7, 2019, which granted plaintiffs' motion for summary judgment and denied defendants' cross-motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff and defendants signed a settlement agreement that provided for defendants to make five monthly installment payments to plaintiff. After defendants only made one payment, plaintiff commenced this action and moved for summary judgment.
A material breach is a failure to do something that is so fundamental to a contract that the failure to perform that obligation defeats the essential purpose of the contract (O & G Indus., Inc. v National R.R. Passenger Corp. , 537 F3d 153, 163 [2d Cir 2008], cert denied 556 US 1182 [2009] [internal quotation marks and bracket omitted]). A breach is material if it strongly tend[s] to defeat the object of the parties in making the contract (Babylon Assoc. v County of Suffolk , 101 AD2d 207, 215 [2d Dept 1984] [internal quotation marks omitted]). Here, defendants breached the explicit terms of the agreement by missing the installment payments. Defendants' argument that the agreement's provision of a 14% interest penalty in the event a payment was not timely made precludes a finding of breach, and that instead, defendants were entitled to pay at an undisclosed later date, is unavailing, as it would simply permit defendants to never pay.
Because defendants materially breached the provisions of the contract, plaintiff was entitled to liquidated damages, as provided for in paragraph seven of the agreement. Moreover, the agreements' confidentiality clause provided that a nonbreaching party was entitled to disclose the agreement in order to bring a cause of action for breach. Furthermore, defendants' breach released plaintiff from his contractual obligations, including abiding by the confidentiality clause (see Old Town Woolen Co., Inc. v Fishman & Son, Inc. , 218 App Div 472, 474 [1st Dept 1926]).
The court, however, should not have granted plaintiff's motion as it pertained to [*2]defendant Withanage's personal liability. The record contains questions as to whether Withanage intended to be personally bound (see Paribas Props. v Benson , 146 AD2d 522, 525 [1st Dept 1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK