Lupo v Miranda (2020 NY Slip Op 04386)





Lupo v Miranda


2020 NY Slip Op 04386


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2019-04855
 (Index No. 608267/15)

[*1]Nicholas Lupo, respondent,
v
Salvador Miranda, et al., appellants. Gentile & Tambasco, Hicksville, NY (Susan J. Mitola of counsel), for appellants.


Cashman Law Firm, P.C. (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered February 28, 2019. The order, insofar as appealed from, after a hearing to determine the validity of service of process, granted the plaintiff's motion pursuant to CPLR 5015 to vacate an order of the same court entered February 16, 2017, granting the defendants' motion to dismiss the complaint for lack of personal jurisdiction upon the plaintiff's default in opposing that motion, and to restore the action to the pretrial calendar, as to the defendant Salvador Miranda.
ORDERED that the appeal by the defendant Juan Miranda is dismissed, as that defendant is not aggrieved by the order (see CPLR 5511); and it is further,
ORDERED that the order entered February 28, 2019, is affirmed insofar as appealed from by the defendant Salvador Miranda; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff and the defendant Juan Miranda (hereinafter Juan) were involved in a motor vehicle accident on December 23, 2012. The vehicle driven by Juan was owned by the defendant Salvador Miranda (hereinafter Salvador). On or about December 22, 2015, the plaintiff commenced the instant action to recover damages for personal injuries. The process server served Salvador on April 13, 2016, by delivering a copy of the summons and complaint to Salvador's actual residence and mailing a copy of the summons and complaint to the same address. The process server left the copy of the summons and complaint that she delivered to Salvador's residence with his father, Juan Miranda, Jr. The defendants made a pre-answer motion to dismiss the complaint for lack of personal jurisdiction. The plaintiff failed to respond to the defendants' motion to dismiss and, in an order entered February 16, 2017, the Supreme Court granted the motion upon the plaintiff's default. The plaintiff moved pursuant to CPLR 5015 to vacate the order directing dismissal of the complaint upon his default, and, inter alia, to restore this action to the pretrial calendar. The court ordered a hearing to determine the validity of service of process. After the hearing, the court determined that service upon Salvador was proper, but service upon Juan was improper. Accordingly, the court granted the plaintiff's motion to vacate the order entered February 16, 2017, directing dismissal of the complaint upon the plaintiff's default, and to restore this action to the pretrial calendar, as to Salvador only. Salvador appeals.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Harrison v Toyloy, 174 AD3d 579, 580; see CPLR 5015[a][1]).
Salvador failed to address, in his main brief, whether the plaintiff demonstrated a reasonable excuse for the default. Thus, Salvador abandoned whatever argument he may have had on this point (see Shaw v Bluepers Family Billiards, 94 AD3d 858, 860; Levy v Kung Sit Huie, 54 AD3d 731, 732; Vasquez v Wood, 18 AD3d 645).
As to the merits, CPLR 308(2) provides, in pertinent part, that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence." Jurisdiction is not acquired pursuant to CPLR 308(2) unless there is strict compliance with both steps (see Aurora Loan Servs., LLC v Revivo, 175 AD3d 622). "The burden of proving that personal jurisdiction was acquired over a defendant rests with the plaintiff" (Deb v Hayut, 171 AD3d 862, 863), and must be proved by a preponderance of the evidence (see Aurora Loan Servs., LLC v Revivo, 175 AD3d at 623).
We agree with the Supreme Court's determination that the plaintiff met his burden of proving that jurisdiction over Salvador was obtained. The testimony of the process server and the affidavit of service admitted into evidence at the hearing established that service of process was properly made pursuant to CPLR 308(2) (see Hulse v Wirth, 175 AD3d 1276; Nationstar Mtge., LLC v Kamil, 155 AD3d 966). Since service of the summons and complaint on Salvador had been effectuated in compliance with the statute, dismissal of the complaint as to that defendant was inappropriate (cf. Aurora Loan Servs., LLC v Revivo, 175 AD3d 622).
Salvador's remaining contention is without merit.
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court