Hershkowitz v Levy (2021 NY Slip Op 00299)





Hershkowitz v Levy


2021 NY Slip Op 00299


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-05588
 (Index No. 203029/16)

[*1]Sharon Hershkowitz, respondent,
v
Harold Levy, Jr., appellant.


Law Offices of Harold J. Levy, P.C., Glen Cove, NY (Harold J. Levy, Jr., sued herein as Harold Levy, Jr., pro se of counsel), for appellant.
Stutman Stutman & Lichtenstein, LLP, New York, NY (Dana M. Stutman of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered March 6, 2018. The order, insofar as appealed from, denied those branches of the defendant's motion which were to set aside the parties' postnuptial agreement on the grounds of unconscionability, overreaching, breach of fiduciary duty, fraud, and lack of consideration.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married on July 24, 2005, when the defendant was 56 years old and the plaintiff was 52 years old. At the time of the marriage, the defendant was an established attorney, and the plaintiff had founded her own successful business.
Prior to the marriage, the parties entered into a prenuptial agreement that defined separate property, inter alia, as anything acquired by the parties prior to the marriage, and defined all earned income during the marriage as marital property. The parties subsequently entered into a four-page postnuptial agreement dated October 14, 2013, that redefined separate property as including any and all earned income or other compensation earned during the marriage. The parties also waived maintenance in the event of a divorce. The plaintiff was advised by an attorney in connection with the preparation and execution of the postnuptial agreement, but the defendant waived his opportunity to be so advised. The parties waived the right to insist on financial disclosure as a precondition to signing the postnuptial agreement.
On November 23, 2016, the plaintiff commenced this action for a divorce and ancillary relief. Thereafter, the defendant moved, inter alia, to set aside the postnuptial agreement on the grounds of unconscionability, overreaching, breach of fiduciary duty, fraud, and lack of consideration. The defendant asserted that the plaintiff had misled him as to the contents of the postnuptial agreement and that the plaintiff had kept the postnuptial agreement from him until moments before the parties executed it. In an order entered March 6, 2018, the Supreme Court, inter alia, denied those branches of the defendant's motion which were to set aside the postnuptial agreement on the grounds of unconscionability, overreaching, breach of fiduciary duty, fraud, and lack of consideration. The defendant appeals.
"An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct" (McKenna v McKenna, 121 AD3d 864, 865; see Rauso v Rauso, 73 AD3d 888, 889). "'Judicial review of separation agreements is to be exercised sparingly, with a goal of encouraging parties to settle their differences on their own'" (Brennan-Duffy v Duffy, 22 AD3d 699, 699-700, quoting Strangolagalli v Strangolagalli, 295 AD2d 338, 338). However, "'courts have thrown their cloak of protection' over postnuptial agreements, 'and made it their business, when confronted, to see to it that they are arrived at fairly and equitably, in a manner so as to be free from the taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity'" (Petracca v Petracca, 101 AD3d 695, 697-698, quoting Christian v Christian, 42 NY2d 63, 72). "Thus, '[i]n view of the fiduciary relationship existing between spouses, [postnuptial] agreements are more closely scrutinized by the courts than ordinary contracts'" (Kabir v Kabir, 85 AD3d 1127, 1127, quoting Cardinal v Cardinal, 275 AD2d 756, 757).
"A spouse seeking to set aside a postnuptial agreement initially 'bears the burden to establish a fact-based, particularized inequality'" (Petracca v Petracca, 101 AD3d at 698, quoting Matter of Greiff, 92 NY2d 341, 346). "Where this initial burden is satisfied, a proponent of a postnuptial agreement 'suffers the shift in burden to disprove fraud or overreaching'" (Petracca v Petracca, 101 AD3d at 698, quoting Matter of Greiff, 92 NY2d at 346).
Here, there is no credible evidence in the record to support the defendant's contention that the postnuptial agreement was procured by the plaintiff's fraud or overreaching. The defendant, who is presumed to know the contents of a contract that he has executed and to assent to them (see Prompt Mortg. Providers of North America, LLC v Zarour, 155 AD3d 912, 914; Shklovskiy v Khan, 273 AD2d 371), admitted to executing the postnuptial agreement. There is no indication that the defendant requested a copy of the postnuptial agreement prior to meeting with the notary. Nor is there any evidence that the defendant could not have signed the postnuptial agreement at a different time if he required a more thorough review. Furthermore, the four-page document was not complex, and its plain language was certainly not beyond the understanding of the defendant, a trained attorney. As such, the defendant is unable to prove a "justifiable reliance" on the plaintiff's alleged "misrepresentation or material omission" required for a finding of fraud (Shah v Mitra, 171 AD3d 971, 975). Further, the absence of legal representation for the defendant, without more, does not establish overreaching on the part of the plaintiff, especially where, as here, the postnuptial agreement specifically stated that the defendant had waived his opportunity to obtain counsel (see Forsberg v Forsberg, 219 AD2d 615, 616). Therefore, the defendant failed to establish fraud or overreaching on the part of the plaintiff.
While the defendant correctly notes that "[a]greements between spouses, unlike ordinary business contracts, involve a fiduciary relationship requiring the utmost of good faith" (Christian v Christian, 42 NY2d at 72), he offered no evidence of a breach of fiduciary duty by the plaintiff. The postnuptial agreement is clear on its face, so the plaintiff could not have misled the defendant, who is an attorney, regarding its contents. Further, even if the plaintiff had access to the postnuptial agreement prior to the defendant, there is no evidence that the defendant was pressured into signing the document the same night that he read it. It was not a prenuptial agreement, and there was no imminent wedding. This was an agreement signed well into the marriage and well before the plaintiff commenced this divorce action, and it could have been executed at any time. As such, the defendant failed to show any breach of fiduciary duty by the plaintiff.
"Postnuptial agreements are contracts which require consideration" (O'Malley v O'Malley, 41 AD3d 449, 451). However, contrary to the defendant's contention, the parties' postnuptial agreement does not lack consideration. Both parties are professionals who earn compensation through their businesses, and both parties gave up rights to the other's compensation in exchange for keeping their own. Both parties waived their right to maintenance from the other party. As such, the defendant's contention that the postnuptial agreement should be set aside for lack of consideration also fails.
"An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the [*2]inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (Morad v Morad, 27 AD3d 626, 627). "However, an agreement is not unconscionable 'merely because, in retrospect, some of its provisions were improvident or one-sided'" (Schultz v Schultz, 58 AD3d 616, 616, quoting O'Lear v O'Lear, 235 AD2d 466, 466). Here, the defendant failed to establish that the postnuptial agreement was unconscionable. The parties' prenuptial agreement established that the plaintiff had significant assets prior to the marriage, and that the defendant willingly waived his rights to those assets. The parties' postnuptial agreement is fair on its face, as it included mutual waivers to the parties' interest in the other party's separate property. There is also uncontroverted evidence that the parties kept their finances separate during the marriage, and the defendant does not rely on the plaintiff for support. Therefore, it does not "shock the conscience" for an agreement to maintain the status quo by keeping the income and compensation acquired by the defendant and the plaintiff during the marriage separate, even if it meant that the plaintiff walked away from the marriage with more assets. That the defendant now finds the postnuptial agreement improvident does not provide reason for this Court to set it aside.
Finally, "a motion to set aside an agreement between spouses may be denied without a hearing if the agreement is fair on its face" (O'Malley v O'Malley, 41 AD3d at 451). Here, as the postnuptial agreement is fair on its face and free from any fraud or overreaching, no hearing was necessary prior to ruling on the subject branches of the defendant's motion.
Accordingly, we agree with the Supreme Court's determination to deny those branches of the defendant's motion which were to set aside the postnuptial agreement on the grounds of unconscionability, overreaching, breach of fiduciary duty, fraud, and lack of consideration.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court