Stanecky v Stanecky (2021 NY Slip Op 06876)





Stanecky v Stanecky


2021 NY Slip Op 06876


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2019-08367
 (Index No. 200515/19)

[*1]Michelle Stanecky, appellant,
v
Ron Stanecky, respondent.


Joel B. Mayer, New York, NY, for appellant.
Amy R. Sussman, Garden City, NY (Steven Cohn of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to set aside a stipulation of settlement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered June 19, 2019. The order granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the complaint, and for an award of attorney's fees to the extent of directing the plaintiff to pay the defendant's attorney's fees in the sum of $3,500.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendant's motion which was for an award of attorney's fees to the extent of directing the plaintiff to pay the defendant's attorney's fees in the sum of $3,500, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff and the defendant were married in 2003. In 2014, the defendant commenced an action for a divorce. After the trial of the divorce action had commenced, the parties, both represented by counsel, entered into a written stipulation of settlement (hereinafter the stipulation). The stipulation was incorporated but not merged into a judgment of divorce dated November 26, 2018.
In 2019, the plaintiff commenced this action, inter alia, to set aside the stipulation on the grounds of duress, coercion, overreaching, and unconscionability. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, and pursuant to the stipulation or, alternatively, 22 NYCRR 130-1.1, for an award of attorney's fees. In an order entered June 19, 2019, the Supreme Court granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the complaint, and for an award of attorney's fees to the extent of directing the plaintiff to pay the defendant's attorney's fees in the sum of $3,500. The plaintiff appeals.
"Marital settlement agreements are judicially favored and are not to be easily set aside" (Simkin v Blank, 19 NY3d 46, 52). "A settlement agreement or a stipulation of settlement entered into by parties to a divorce proceeding that is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (Sanfilippo v Sanfilippo, 137 AD3d 773, 774; see Heinemann v Heinemann, 189 AD3d 1553, 1554).
Here, the plaintiff's allegations, including allegations essentially of feeling pressured [*2]by the impending trial, were insufficient to state a cause of action to set aside the stipulation due to duress or coercion (see Shah v Mitra, 171 AD3d 971, 976-977). Although a marital settlement agreement may be set aside "if its terms evidence a bargain so inequitable 'that no reasonable and competent person would have consented to it'" (Infante v Infante, 76 AD3d 1048, 1049, quoting Bright v Freeman, 24 AD3d 586, 588), here, the terms of the stipulation were not so inequitable as to support a cause of action to set it aside as unconscionable (see Heinemann v Heinemann, 189 AD3d at 1555). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
However, the Supreme Court erred in awarding attorney's fees. Pursuant to 22 NYCRR 130-1.1, a court in a civil action may award reasonable attorney's fees resulting from frivolous conduct. Conduct is frivolous within the meaning of 22 NYCRR 130-1.1, inter alia, where it is "completely without merit in law" (id. § 130-1.1[c][1]) or is "undertaken primarily . . . to harass or maliciously injure another" (id. § 130-1.1[c][2]; see id. § 130-1.1[c][1],[3]). Here, while the plaintiff's complaint failed to state a cause of action, it cannot be said that it was "completely without merit in law," and the defendant failed to demonstrate that the action was commenced primarily to harass or maliciously injure him (see Matter of Lebron v Lebron, 101 AD3d 1009, 1010; cf. Weissman v Weissman, 116 AD3d 848, 849). Contrary to the defendant's further contention, the provision of the stipulation which required a defaulting party to pay the other party's resulting attorney's fees is inapplicable as this action does not concern a default under the stipulation. Accordingly, the defendant failed to demonstrate that he was entitled to an award of attorney's fees.
We decline the defendant's request to impose sanctions against the plaintiff for bringing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court