McKenna v Esposito & Hartmann's Plumbing & Heating (2023 NY Slip Op 50465(U))

[*1]

McKenna v Esposito & Hartmann's Plumbing & Heating

2023 NY Slip Op 50465(U)

Decided on May 11, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 11, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-570 N C

Kevin McKenna, Respondent, 
against
Esposito and Hartmann's Plumbing and Heating, Appellants. 

Puma Law Group, P.C. (Zachary M. Beriloff of counsel), for appellants.
Kevin McKenna, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Fourth District (Lisa M. Petrocelli), entered June 24, 2022. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,000.

ORDERED that the judgment is affirmed, without costs.
Plaintiff entered into a contract with defendant to pump excess water from plaintiff's crawl space, to supply and install a sump pump with a perforated cover, to dig a trench away from the house, and to install 20 feet of perforated pipe at the end for the purpose of preventing rain water from flowing back into plaintiff's house. After defendant completed the job, water continued to flow back into the house. Plaintiff had been told by defendant to regrade the yard to help prevent backflow, and plaintiff subsequently hired Emerald Lawn Care of Long Island (Emerald) to correct any pitch issues in the yard. After the regrading, water continued to flow back into the house. Despite the implied guarantee by defendant that, with a regrading and defendant's installation, water would no longer flow back into the house, defendant refused to return to plaintiff's home to fix the problem without charging an additional fee. Plaintiff then paid Emerald $1,000 to extend the piping so that the water would be transported farther away from plaintiff's house. After Emerald altered the piping, rain water no longer flowed back toward the house. Thereafter, plaintiff commenced this small claims action seeking reimbursement of the amount he paid Emerald. After a nonjury trial, the District Court awarded plaintiff the principal sum of $1,000.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the [*2]testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
A material breach is a failure to do something that is so fundamental to a contract that the failure to perform that obligation defeats the essential purpose of the contract (see Feldmann v Scepter Group, Pte. Ltd.,185 AD3d 449 [2020]; Babylon Assoc. v County of Suffolk, 101 AD2d 207 [1984]). Defendant's failure to effectively prevent water from flowing back into plaintiff's home, even after the regrading of the yard was completed, and its failure to return to fix the problem without further payment from plaintiff was a material breach of the contract.
In view of the foregoing, the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807). 
Accordingly, the judgment is affirmed.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 11, 2023