Muniak v KH 48 LLC (2024 NY Slip Op 01516)

Muniak v KH 48 LLC

2024 NY Slip Op 01516

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Kern, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 656859/19 Appeal No. 1888 Case No. 2023-03042 

[*1]Sasha Muniak, Respondent,
v
KH 48 LLC, Appellant.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for appellant.
Law Office of Sheldon H. Gopstein, New York (Sheldon H. Gopstein of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.) entered on or about June 8, 2023 which granted plaintiff's cross-motion for partial summary judgment as to liability on his claim for breach of the parties' stipulation of settlement in an earlier action, and denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
The motion court properly granted summary judgment as to liability in plaintiff's favor based on its determination that defendant breached the parties' stipulation of settlement which resolved an earlier action between the parties. By entering into the stipulation, the parties modified their amended and restated easement agreement to the extent that plaintiff agreed to pay the amounts due to defendant, and defendant agreed to cooperate with plaintiff in his efforts to terminate the easement (see Matter of Caruso v Ward, 146 AD2d 22, 29 [1st Dept 1989]). Contrary to defendant's contention, its failure to abide by the cooperation provision was a material breach, not only because paragraph 6 of the stipulation expressly states that defendant's cooperation with the termination of the easement was "a material inducement" to plaintiff in agreeing to settle the earlier action, but because the breach deprived plaintiff of the benefit of his bargain in agreeing to settle that action (see Feldmann v Scepter Group, Pte. Ltd., 185 AD3d 449, 450 [1st Dept 2020]). As the motion court properly determined, it is well settled that a material breach by one party generally excuses performance by the other (see e.g. Grace v Nappa, 46 NY2d 560, 567 [1979]).
In support of its assertion that there was no breach of the cooperation provision of the stipulation, defendant submitted an affidavit from the earlier action, in which its managing agent maintained that defendant signed all of the documents requested by plaintiff. This conclusory assertion fails to rebut the statements by plaintiff and his experts that defendant failed to cooperate with plaintiff's efforts to terminate the easement by refusing to pursue other avenues for maintaining legal egress, entering into a new lease with a tenant that required the emergency egress, and performing alteration work that made termination of the easement without recourse to those alternatives impossible (see Smith v Johnson Prods. Co., 95 AD2d 675, 676 [1st Dept 1983]). In such circumstances, defendant "should not be permitted to compel enforcement of a settlement agreement the material terms of which [it] willfully breached" (Gucci Am., Inc. v Sample Sale Wholesalers, Ltd., 39 AD3d 271, 273 [1st Dept 2007]). As plaintiff's experts observed, the easiest resolution would be to have defendant's current tenant assume plaintiff's obligations under the amended easement agreement, as plaintiff's entity vacated the space requiring the easement more than a decade ago, and defendant has offered no explanation for its refusal to take this step, nor has it otherwise submitted any concrete [*2]evidence of its cooperation with plaintiff to terminate the easement. This warrants summary judgment as to liability in plaintiff's favor.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024