Keller v Keller (2025 NY Slip Op 02581)

Keller v Keller

2025 NY Slip Op 02581

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-06317
 (Index No. 605569/22)

[*1]Keith Keller, appellant, 
v
Renee Keller, respondent.

Frank J. Blangiardo, Riverhead, NY, for appellant.
Tabat, Cohen, Blum, Yovino & Diesa, P.C., Hauppauge, NY (Robert A. Cohen of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to set aside a stipulation of settlement, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated April 24, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to set aside the stipulation of settlement on the ground of fraud.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in 2004 and never had children together. During the marriage, they resided in a home located in Westhampton Beach (hereinafter the marital residence). In January 2019, Renee Keller commenced an action against Keith Keller for a divorce and ancillary relief (hereinafter the divorce action). By stipulation of settlement dated August 29, 2019 (hereinafter the original stipulation), the parties agreed to resolve the divorce action and to "equitably settle their marital and financial rights and obligations in all respects." The original stipulation deemed Keith to be the monied spouse and contained provisions requiring him to pay Renee maintenance. It also included terms addressing the distribution of the sale proceeds of the marital residence, which was then listed for sale, and the satisfaction of certain liens thereon resulting from debts owed by Keith. The original stipulation was incorporated but not merged into the parties' judgment of divorce entered March 29, 2021.
Thereafter, in a stipulation dated May 17, 2021, delineated as a "post judgment amendment" (hereinafter the postjudgment stipulation), the parties agreed to amend certain provisions in the original stipulation relating to maintenance and the marital residence. Among other terms, Keith waived his interests in the marital residence, including any portion of the sale proceeds to which he otherwise might have been entitled, and agreed to pay Renee additional maintenance as compared to the original stipulation. On February 15, 2022, Renee closed on the sale of the marital residence to a nonparty buyer.
In March 2022, Keith commenced this action against Renee, inter alia, to set aside the postjudgment stipulation. In the complaint, Keith alleged, among other things, that Renee fraudulently induced him to enter into the postjudgment stipulation. In June 2022, Renee moved, inter alia, pursuant to CPLR 3211(a) to dismiss the cause of action to set aside the postjudgment stipulation on the ground of fraud. By order dated April 24, 2023, the Supreme Court, among other things, granted that branch of the motion. Keith appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Hughes v Vento, 226 AD3d 753, 754). "The court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true" (Hutchinson-Headley v HP Arverne Preserv. Hous. Co., Inc., 219 AD3d 709, 710 [alterations and internal quotation marks omitted]). "Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (Feng Li v Shih, 207 AD3d 444, 446 [internal quotation marks omitted]). Moreover, "[a] motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Lam v Weiss, 219 AD3d 713, 716 [citation and internal quotation marks omitted]).
"A stipulation of settlement which is incorporated but not merged into a judgment of divorce retains the character of an independent contract and survives as a basis for suit" (Matter of Block-Iaconetti v Iaconetti, 176 AD3d 1051, 1053 [internal quotation marks omitted]). "Marital settlement agreements are judicially favored and are not to be easily set aside" (Stanecky v Stanecky, 200 AD3d 819, 820 [internal quotation marks omitted]). Indeed, "[a]n agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct" (Hershkowitz v Levy, 190 AD3d 835, 836 [internal quotation marks omitted]). Further, "absence of legal representation, without more, does not . . . require an automatic nullification of [an] agreement [between spouses]" (Forsberg v Forsberg, 219 AD2d 615, 616; see Matter of Barabash, 84 AD3d 1363, 1364).
"In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Comora v Franklin, 171 AD3d 851, 853 [internal quotation marks omitted]). Pursuant to CPLR 3016(b), "[w]here a cause of action is based upon fraud, 'the circumstances constituting the wrong shall be stated in detail'" (Trump Vil. Section 4, Inc. v Vilensky, 202 AD3d 865, 866, quoting CPLR 3016[b]).
Here, contrary to Keith's contention, the Supreme Court properly granted that branch of Renee's motion which was to dismiss the cause of action to set aside the postjudgment stipulation on the ground of fraud (see Ruggiero v DePalo, 153 AD3d 870, 871). The complaint, as amplified by Keith's affidavit submitted in opposition to the motion, failed to comply with CPLR 3016(b), as he did not provide sufficient "details of the . . . alleged misstatements or misrepresentations" (Lee Dodge, Inc. v Sovereign Bank, N.A., 148 AD3d 1007, 1008; see Christ the Rock World Restoration Church Intl., Inc. v Evangelical Christian Credit Union, 153 AD3d 1226, 1230). The facts alleged were also insufficient to demonstrate that Keith's purported "reliance on the alleged misrepresentation[s] was justifiable under the circumstances" (Thomson v Watchtower Bible & Tract Socy. of N.Y., Inc., 198 AD3d 996, 997; see R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 872).
Regardless, even if Keith's allegations were sufficient to withstand dismissal pursuant to CPLR 3211(a)(7), "the factual allegations underlying [his] claims of fraudulent inducement [we]re flatly contradicted by the terms of the" postjudgment stipulation (Shah v Mitra, 171 AD3d 971, 975). For example, the first sentence thereof stated that a judgment of divorce had previously been entered, thereby refuting Keith's allegation that Renee informed him that the divorce was not yet final and his assertion, in effect, that he justifiably relied upon her purported misrepresentation. The provision in the postjudgment stipulation stating that Renee would "retain 100% . . . of the net proceeds of the marital home, [ ]regardless of market value fluctuations," also refuted any claim that Keith justifiably relied upon Renee's alleged misrepresentations regarding the value of the marital residence (see Mahmood v County of Suffolk, 166 AD3d 751, 753). By executing the postjudgment stipulation, Keith must be "presumed to [have] know[n] the contents [thereof] . . . and to [have] assent[ed] to [*2]them" (Hershkowitz v Levy, 190 AD3d at 837).
To the extent the complaint asserts a cause of action to set aside the postjudgment stipulation on the ground of incapacity, Keith failed to raise any issues relating thereto in his brief. Therefore, Keith has "abandoned whatever argument he may have had" relating to the dismissal of that cause of action (Lupo v Miranda, 186 AD3d 468, 469; see Louie's Seafood Rest., LLC v Brown, 199 AD3d 790, 793). Moreover, Keith's contention that the postjudgment stipulation should have been set aside as unconscionable did not warrant denial of the subject branch of Renee's motion. This assertion, raised for the first time in Keith's affidavit in opposition, "did not remedy a defect in pleading but [instead] advanced [an] entirely new cause[ ] of action . . . without seeking leave to replead or [to] amend the complaint" (Woss, LLC v 218 Eckford, LLC, 102 AD3d 860, 862).
In light of our determination, the parties' remaining contentions need not be considered.
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court