Paitchell v Goldman (2026 NY Slip Op 01166)

Paitchell v Goldman

2026 NY Slip Op 01166

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Index No. 654563/21|Appeal No. 5978|Case No. 2024-03080|

[*1]Michael Paitchell et al., Plaintiffs-Appellants,
vDavid Goldman et al., Defendants-Respondents.

Greenfield Stein & Senior, LLP, New York (Charles T. Scott of counsel), for appellants.
Dunnington, Bartholow & Miller LLP, New York (Olivera Medenica of counsel), for respondents.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered March 15, 2024, which, to the extent appealed from, denied plaintiffs' motion for summary judgment on their claims for breach of contract and imposition of a constructive trust, and granted defendants' cross-motion for summary judgment dismissing those claims, unanimously affirmed, without costs.
Harold and Joanne Paitchell, now deceased, were married on May 6, 1984. Plaintiffs are Harold's children from his prior marriage and defendants are Joanne's children from her prior marriage. Harold and Joanne purchased a condominium apartment in Manhattan as tenants by the entirety shortly after they were married. A couple of months later, they executed a post-nuptial agreement which provided that:
"All property acquired after May 6, 1984 shall be marital property. Each party shall receive and accept from the other's estate after his/her death one-half of the jointly held property outright and a life interest in the remaining one-half of said jointly owned property and each party shall execute a will to that effect. If the property is sold after the death of one spouse, the other spouse may, but is not required to, give one-half of the proceeds to the deceased spouse's children in full satisfaction of all claims. In the alternative, one-half of the proceeds shall be held in trust and the income thereof shall be paid to the survivor and upon death of the survivor the principal of said trust shall be paid to the deceased's children".
"The entire proceeds from such sale may be used to purchase another residence. In such event, upon the death of the survivor, one-half of the proceeds shall be paid to the deceased's children."
Paragraph 7 of the agreement directed both Harold and Joanne to execute a will and any other agreement necessary "to give full force and effect to this agreement."
Harold passed away on August 25, 1986. Pursuant to Harold's last will and testament dated April 6, 1986, Joanne received the apartment for her use during her lifetime. She also had the right to sell, exchange, or transfer the apartment, but if she did, then, at her sole discretion, she could either pay one-half of the net proceeds to Harold's children in full payment of all rights and obligations under the post-nuptial agreement, or she could place the proceeds in Trust with income paid to her during her life and, upon her death, the principal would be divided among Harold's surviving children. Harold's will did not address the disposition of the apartment if Joanne predeceased him.
In July 2020, Joanne executed her last will and testament, pursuant to which her children would receive her entire estate. A month later, in August 2020, Joanne passed away.
Plaintiffs and defendants disagree as to who is entitled to a share of the apartment. Plaintiffs contend that in accordance with the post-nuptial agreement they are entitled to one-half of the property. Defendants contend that after Harold's death the property vested entirely in Joanne, who then bequeathed her entire estate to them, and thus, plaintiffs are not entitled to a share of the apartment.
Defendants are correct that upon Harold's death, Joanne obtained sole title to the apartment pursuant to the terms of the deed granting title to her as a tenant by the entirety with Harold (see Matter of Violi, 65 NY2d 392, 395 [1985]). However, the law required her, as sole owner, to fulfill her contractual agreement with respect to the property (see Matter of Barabash, 84 AD3d 1363, 1364-1365 [2d Dept 2011]).
Accordingly, the question before Supreme Court was whether Harold's failure to comply with paragraph 7 of the post-nuptial agreement—by executing a will that did not provide one-half of the apartment for Joanne's children in the event Joanne predeceased him—constituted a material breach excusing Joanne's performance. We find that his breach was material, and as a result, excused Joanne's performance under the contract.
Plaintiffs' contention that Joanne was obligated to perform regardless of Harold's compliance is unavailing. Paragraph 7 expressly required each party to execute a will giving full force and effect to the agreement, and Harold's will indisputably omitted any provisions regarding the apartment if Joanne predeceased him.
Plaintiffs' further argument that any breach was immaterial because Harold predeceased Joanne is unpersuasive. Harold's contractual obligation was to execute and maintain a compliant will during his lifetime. It was not sufficient that he merely ensures a particular disposition in the event that he survived Joanne. The breach was therefore material, as it defeated the agreement's fundamental purpose—namely, to protect each party's children's interests in the property—rather than simply to confer a life estate on the surviving spouse (see generally Feldmann v Scepter Group. Pte. Ltd., 185 AD3d 449, 450 [1st Dept 2020]).
As to the constructive trust claim, the parties do not dispute that, as husband and wife, Harold and Joanne were in a confidential relationship, and that they made certain promises to each other. However, because the constructive trust doctrine is a "fraud-rectifying" rather than "intent-enforcing" remedy (Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939, 940 [1980]), plaintiffs were required to demonstrate a legally cognizable transfer made in reliance on a promise. They failed to do so. The deed established that Harold and Joanne held the apartment as tenants by the entirety, and, upon Harold's death, Joanne became the sole owner by operation of law (see Matter of Violi, 65 NY2d at 395).
The dispositive issue is whether the steps taken by Harold and Joanne—such as the execution of a post-nuptial agreement—effected a severance of the tenancy by the entirety in a manner consistent with General Obligations Law § 3-309. The Court of Appeals has held that this statute requires "clear expressions of intent" before a tenancy by the entirety may be modified by agreement between spouses (id. at 396-397). Here, the post-nuptial agreement, which was prepared by an attorney, made no express statement reflecting an intent to alter the parties' tenancy by the entirety. Moreover, even assuming for the sake of argument that the agreement could be construed as evincing such intent, Harold and Joanne were still required to execute wills reflecting their desire to convert their tenancy into a tenancy in common, which they did not do.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026